**Carl B. CAGLE, Appellant,**

v.

**Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 79–1598.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 21, 1980.

Decided Jan. 12, 1981.

Harris H. Prescott, Oklahoma City, Okl. (Ungerman, Conner, Little, Ungerman & Goodman, Oklahoma City, Okl., with him on brief), for appellant.

Patricia L. Bossert, Denver, Colo. (Alice Daniel, Asst. Atty. Gen., Washington, D. C., Hubert H. Bryant, U. S. Atty., Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., Joseph S. Friedman, Trial Atty., Dept. of Health, Ed. and Welfare, Washington, D. C., with her on brief), for appellee.

Before DOYLE, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Cagle brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final administrative decision of the Secretary of Health, Education, and Welfare denying plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act (the Act). We affirm in part and remand with directions.

The Secretary's decision must be sustained if supported by substantial evidence. *Gardner v. Bishop*, 10 Cir., 362 F.2d 917, 919, and 42 U.S.C. § 405(g). The reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131.

Plaintiff complains of back pains which affect his ability to work as a welder. His original application for disability insurance benefits, filed in April, 1974, was denied as was a subsequent application made in June, 1976. Another application, presented on February 8, 1977, was denied because of failure to show the requisite disability. Pursuant to a timely request, an Administrative Law Judge, ALJ, conducted a hearing at Miami, Oklahoma, on September 28, 1977. After hearing the testimony of the plaintiff and his wife, and after considering the medical and vocational testimony and reports, the ALJ made findings which included:

"3. The claimant had a laminectomy and lumbosacral fusion with discetomy L5–S1 and subsequently [sic] exploratory surgery which showed the fusion to be solid.

4. The claimant suffers from low back pain and left sciatic, secondary to nerve root adhesions, a hiatal hernia with reflux esophagitis, and anxiety reaction and depression."

The ALJ further found that the applicant was not under a disability as defined by the Act at any time before the decision. In a carefully prepared and comprehensive memorandum opinion the district court reviewed the evidence, medical, vocational, and subjective, presented to the ALJ and the Secretary. The court found that the decision was supported by substantial evidence and should be affirmed. We have read the transcript and examined the medical reports and agree with the district court. No good purpose would be served by any new summary of the evidence.

Plaintiff says that the decision of the ALJ is based in part on the answer of a vocational expert to an improper hypothetical question. The question assumed that plaintiff had driven an automobile "for a couple of hours a day and/or go on a trip like that to Austin [in one day]." Defendant testified that he had driven from his home in Jay, Oklahoma, to Austin, Texas, in one day. Plaintiff also says that the question omitted pertinent medical evidence. The hypothetical did not assume facts missing from the record. See *Myers v. Weinberger*, 6 Cir., 514 F.2d 293, 294, and *Cha-*

*ney v. Califano,* 5 Cir., 588 F.2d 958, 960, n.5. Both the ALJ and the vocational expert gave consideration to the medical evidence and the subjective testimony of the plaintiff. The questioning of the vocational expert was fair and proper.

Plaintiff asks that the case be remanded to the Secretary for the consideration of new and material medical evidence not available at the time of the administrative decision. Section 405(g), 42 U.S.C., which provides for judicial review of the Secretary's actions, says that the court "may, at any time, on good cause shown, order additional evidence to be taken before the Secretary." In a supplemental trial brief, plaintiff requested a remand to the Secretary because of medical evidence which became available after the November 11, 1977, decision of the ALJ and the January 30, 1978, decision of the Appeals Council. For support plaintiff attached to the brief: (1) a copy of an April 27, 1978, report of the Veterans Administration report that plaintiff is unemployable, and (2) a copy of a report of a Dr. Blauw that plaintiff had been hospitalized January 26, 1978, for a heart condition. In its April 20, 1979, memorandum opinion the district court said nothing about the request for remand.

Attached to plaintiff-appellant's brief in this court is a copy of a July 6, 1979, report by Dr. Peter Beck saying that plaintiff underwent a "decompressive laminectomy" on May 10, 1978, that the prognosis of plaintiff's ability to do manual labor is "extremely poor" and that plaintiff was "going to have a chronic pain problem."

■ The Secretary does not contest the authenticity of the mentioned reports but argues that they are cumulative and repetitive, and hence do not support a request for a remand. See *Bradley v. Califano,* 10 Cir., 573 F.2d 28, 31. A remand is proper when a reviewing court concludes that "the Secretary's decision might reasonably have been different had that [new] evidence been before him when his decision was rendered." *King v. Califano,* 4 Cir., 599 F.2d 597, 599. Because the district court did not rule on the remand request, we infer that it con-

sidered the additional evidence insufficient to justify a remand. In the court of appeals plaintiff augmented his showing by the medical report that he underwent a third operation several months after the action of the Appeals Council.

■ The court of appeals does not find facts or try the case de novo when reviewing a disability determination. In the situation presented, the best solution is to remand the case to the district court for a determination of whether there is just cause for a remand. The plaintiff claims that after the agency decision he was hospitalized for a heart condition and later underwent a third back operation. This claim, if true, may present a new situation which would reasonably support a different decision than that reached by the Secretary.

The determination of the just cause required by § 405(g) to justify a remand should be made in the first instance by the district court. The plaintiff has the burden of presenting to the court the evidence upon which he relies to establish just cause for remand to the Secretary and the Secretary may rebut that evidence. The court should then determine whether there is just cause to conclude that the Secretary's decision might reasonably be different if that evidence were presented. If just cause is found the case should be remanded to the Secretary for further proceedings. If the court rejects the just cause claim, then remand should be denied. In either event, the action of the district court will be subject to review by this court.

Affirmed in part and remanded with directions. Each party shall bear his own costs on this appeal.