972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bradford WEIR, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-2265.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bradford Weir appeals from an order of the district court affirming the final decision of the Secretary and denying Mr. Weir's motion to remand his claim for retirement insurance benefits to the Secretary for a recalculation of his earnings record for 1969 through 1971. The final decision of the Secretary denied Mr. Weir credit for any earnings for those years because, according to his federal income tax returns, he was self-employed and had net earnings of less than $400 in each year. 42 U.S.C. § 411(b)(2). In his brief in the district court, Mr. Weir contended that he was an employee during those years, and his tax returns indicate otherwise because his employer refused to give him a W-2 form and his accountant "had to do [his] best with what material he had." The district court carefully reviewed the record in light of Mr. Weir's contention and denied the motion.
 
 
 3
 Mr. Weir makes the same arguments on appeal as in the district court. We have examined the record and affirm the order of the district court affirming the final decision of the Secretary and denying Mr. Weir's motion to remand for substantially the same reasons set forth in the court's thorough and well-reasoned Memorandum Opinion and Order, entered September 10, 1991, a copy of which is attached.
 
 
 4
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 6
 BRADFORD WEIR, Plaintiff,
 
 
 7
 vs.
 
 
 8
 LOUIS W. SULLIVAN, M.D., Secretary of Health and Human
 
 
 9
 Services, Defendant.
 
 
 10
 Sept. 9, 1991.
 
 No. CIV 90-958 JP/SGB
 MEMORANDUM OPINION AND ORDER
 
 11
 Plaintiff invokes this court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services ("Secretary"). The Secretary determined that plaintiff's earnings' record should not be credited with self-employment income for the years 1969 through 1971. Plaintiff moves this court for an order remanding the matter to the Secretary for a recalculation of his earnings' record. The court reviews the Secretary's decision to determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir.1988).
 
 Administrative History
 
 12
 Plaintiff applied for Retirement Insurance Benefits on July 5, 1988. Soon thereafter, a notice of award was sent to plaintiff. Plaintiff, however, questioned the award computation and sought a re-computation on the ground that the earnings' record relied upon by the Secretary was incorrect for the years 1954, 1968, 1969, 1970 and 1971. The Secretary reaffirmed the Secretary's award. Plaintiff requested and received a de novo review before an administrative law judge ("ALJ"). A hearing was held before the ALJ at which plaintiff appeared. The ALJ found that plaintiff's earnings' record had been correctly posted with earnings for 1954 and 1968 and with self-employment income for 1969 through 1971. The Appeals Council, upon reviewing the ALJ's decision, found that the decision was correct as to the finding involving years 1954 and 1968, but was incorrect for the years 1969 through 1971. The Appeals Council concluded that the earnings' record was incorrectly credited with self-employment income because the amount of income did not meet the statutory minimum amount under § 221(b)(2) of the Social Security Act, 42 U.S.C. § 411(b)(2). The decision of the ALJ, as amended by the Appeals Council, therefore, became the final decision of the Secretary for judicial review purposes.
 
 Statement of the Facts
 
 13
 Plaintiff applied for Retirement Insurance Benefits on July 5, 1988. Plaintiff claims that he was an employee and not self-employed for the years 1969, 1970 and 1971. Plaintiff's tax returns filed for the respective years reveal that the income at issue was derived from income other than wages. Plaintiff's income tax returns reported that he had five dollars in self-employment income for 1969 (TR 52, 53); two-hundred eighty-six dollars ($286.00) for 1970 (TR 62); and two-hundred seventy-four ($274.00) for 1971 (TR 67). The tax returns in question were prepared by the same tax preparer.
 
 Plaintiff's Testimony
 
 14
 Plaintiff testified about his educational background. He is a high-school, college and law school graduate. (TR 27). Plaintiff stated that his employer refused to provide him with W-2 forms because the employer did not pay taxes. Plaintiff testified that his tax preparer had to do the best he could with the information provided. (TR 29-30).
 
 Issues
 
 15
 Plaintiff contends that the Secretary's determination that plaintiff was self-employed is not supported by substantial evidence.
 
 Discussion
 A. Standard of Review
 
 16
 The function of this Court on review is not to try the Plaintiff's claim de novo, but to determine upon the whole record whether the Secretary's decision is supported by substantial evidence. Cagle v. Califano, 638 F.2d 219-21 (10th Cir.1981). Substantial evidence is more than a scintilla, but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that, if there is substantial evidence to support the Secretary's decision, then that decision must be upheld. Cagle, 638 F.2d at 220. However, the district court should not blindly affirm the Secretary's decision, but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo.1982).
 
 
 17
 The Secretary evaluates earnings' records when determining the amount of an award for Retirement Insurance Benefits. To qualify, an individual must have a certain number of work credits. An applicant must show his eligibility through documents. See, 20 C.F.R. 404.703; 20 C.F.R. 404.704. In addition to whatever documents the applicant provides, the Social Security Administration keeps a record of the earnings of individuals covered by social security. 20 C.F.R. 404.801. If a claimant's earnings' record is incorrect, the claimant can correct the record before the time limit ends for the year in question if satisfactory evidence shows that the Secretary's records are incorrect. 20 C.F.R. 404.821. The time limit for making such changes is three years, three months, and fifteen days after any year in which a claimant received earnings. 20 C.F.R. 404.802. After the time limit has run, an earnings' record may be corrected if one of the conditions delineated in 20 C.F.R. 404.822 applies. Earnings' records are afforded great weight after the expiration of the time period. Finally, the Act provides that "self-employment income" does not include net earnings from self-employment which are less than $400.00 in any one year. See, 42 U.S.C. § 411(b)(2), 20 C.F.R. 404.1096(c)(1). In the case at bar, plaintiff did not challenge his earnings' record during the applicable time period. Plaintiff has not demonstrated that an exception as set forth in § 404.822 applies. Accordingly, the earnings' record of the Secretary is afforded great weight. Plaintiff's tax returns reflect that the self-employment income for the years in question totaled less than four-hundred dollars. Plaintiff, therefore, did not meet the minimum earnings requirement. The court finds that the Secretary's determination is supported by substantial evidence.
 
 Conclusion
 
 18
 The Secretary's decision not to amend plaintiff's earnings' record is supported by substantial evidence. The decision of the Secretary should be affirmed.
 
 
 19
 WHEREFORE, IT IS HEREBY ORDERED that the motion is denied.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3