17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Archie THOMAS, Plaintiff-Appellant,
v.
Donna E. SHALLALA, Secretary, Health and Human Services,
Defendant-Appellee.
 No. 93-6290.
 United States Court of Appeals,
Tenth Circuit.
 March 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Archie Thomas appeals from an order of the district court which affirms the final decision of the Secretary of Health and Human Services that he is not disabled and is therefore not entitled to Social Security disability benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and affirm.
 
 
 4
 Plaintiff filed a claim for disability benefits in 1990. After a hearing, the administrative law judge (ALJ) determined at step four of the five-part sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), that plaintiff's impairments did not prevent him from returning to his past relevant work. Therefore, the ALJ concluded in a decision dated June 24, 1991, that plaintiff was not disabled and was not entitled to benefits. Plaintiff contends on appeal that, because of new evidence indicating that plaintiff is suffering from depression, the case either should be remanded to the Secretary for additional proceedings or that we should award benefits.[2] We disagree.
 
 
 5
 The new evidence presented by plaintiff is a psychiatrist's report stating that plaintiff suffers from major depressive disorder and prescribing medication. This report was prepared after only one examination of plaintiff and is dated June 29, 1992--over one year after the ALJ's June 24, 1991, denial of benefits. The report indicates that plaintiff's problems with depression had been increasing over the past year. On appeal to the district court, the magistrate judge prepared a most comprehensive and complete "Report and Recommendation," which the district court adopted in an order filed on June 15, 1993. The magistrate judge addressed plaintiff's new evidence as well as plaintiff's other complaints. The magistrate judge correctly stated that plaintiff's new evidence does not relate to the time period for which benefits were denied, see Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir.1991), and so there is no reasonable possibility that the new evidence would change the Secretary's decision, see id.; Cagle v. Califano, 638 F.2d 219, 221 (10th Cir.1981).
 
 
 6
 We have reviewed the briefs and the record on appeal. We find no error and affirm for substantially the same reasons as set forth in the magistrate judge's May 27, 1993, Report and Recommendation and adopted by the district court in its June 15, 1993, order.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Although two additional issues are articulated in plaintiff's statement of the issues, these issues were not argued and therefore are waived. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1558 n. 1 (10th Cir.1992), modified on reh'g on other grounds, 995 F.2d 992 (10th Cir.1993)