Elaine C. HANGARTNER, Plaintiff,

v.

Donna E. SHALALA, in her capacity as Secretary of the Department of Health and Human Services, Defendant.

94–C–49B.

United States District Court,
D. Utah,
Central Division.

Sept. 1, 1994.

Randy M. Lish, McCullough, Jones & Ivins, Orem, UT, for plaintiff.

Scott M. Matheson, Jr., U.S. Atty., Carlie Christensen, Asst. U.S. Atty., Salt Lake City, UT, for defendant.

## ORDER

BENSON, District Judge.

The above-entitled matter was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). The magistrate judge made a report and recommendation on defendant's motion to affirm the administrative decision of the Secretary, that the motion to affirm should be denied and that the case should be remanded to the Administrative Law Judge to conduct additional hearings and receive additional medical evidence in light of the evidence presented by the plaintiff. No objection has been taken to the report and recommendation. The court has reviewed the file and hereby adopts the report and recommendation of the magistrate judge. Therefore, it is hereby

**ORDERED** that the case is remanded to the Secretary to be returned to the administrative law judge to conduct further proceedings as provided for in the report and recommendation of the magistrate judge.

## REPORT AND RECOMMENDATION

BOYCE, United States Magistrate Judge.

Plaintiff filed suit seeking judicial review of the final decision of the Secretary denying her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83c. The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) and is presently before the court on defendant's motion to affirm her administrative decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for benefits alleging that she has been disabled since March 1, 1990 due to depression, mental illness, and arthritis. (Application, tr. 72, Request for Reconsideration, tr. 91, Request for Hearing, tr. 101). Plaintiff's application was denied initially, (tr. 87–90), and on reconsideration, (tr. 98–100.) After a hearing held April 22, 1993, (tr. 27–71), an Administrative Law Judge found that plaintiff was not disabled. (Decision, 11–19.) Subsequently, the Appeals Council, after considering additional evidence submitted by plaintiff, denied plaintiff's request for review of the ALJ's decision. (Tr. 4–5.)

## DISCUSSION

*Legal Standard*

Under the Social Security Act, a person is "disabled" if he "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual shall be determined to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

■ A person seeking Social Security benefits bears the burden of proving that because of his disability, he is unable to perform his prior work activity. *Andrade v. Secretary of HHS,* 985 F.2d 1045, 1050 (10th Cir.1993); *Musgrave v. Sullivan,* 966 F.2d 1371, 1376 (10th Cir.1992); *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir.1988). Once the claimant establishes that he has such a disability, the burden shifts to the Secretary to prove that the claimant retains the ability to

do other work and that jobs which he can perform exist in the national economy. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir.1993); *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir.1993); *Gossett,* 862 F.2d at 804.

■ The Secretary's decision must be supported by substantial evidence. *Thompson,* 987 F.2d at 1487; *Andrade,* 985 F.2d at 1047; *Musgrave,* 966 F.2d at 1374. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *Thompson,* 987 F.2d at 1487; *Andrade,* 985 F.2d at 1047. Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Musgrave,* 966 F.2d at 1374; *Emory v. Sullivan,* 936 F.2d 1092, 1093 (10th Cir.1991).

■ The Secretary's findings of fact, if supported by substantial evidence, are conclusive upon judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); *Perales,* 402 U.S. at 390, 91 S.Ct. at 1422. In reviewing the Secretary's decision, the court may not reweigh the evidence or substitute its judgment for that of the agency. *Musgrave,* 966 F.2d at 1374; *Trimiar v. Sullivan,* 966 F.2d 1326, 1329 (10th Cir.1992). However, the court should carefully examine the record and review it in its entirety. *Musgrave,* 966 F.2d at 1374; *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988). Failure of the Secretary to apply the correct legal standard is also grounds for reversal. *Thompson,* 987 F.2d at 1487; *Andrade,* 985 F.2d at 1047.

The Secretary has established the following five-step process for determining whether a person is disabled:

(1) A person who is working is not disabled. 20 C.F.R. § 416.920(b).

(2) A person who does not have an impairment or combination of impairments severe enough to limit his ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c).

(3) A person whose impairment meets or equals one of the impairments listed in the "Listing of Impairments," 20 C.F.R. § 404, subpt. P, app. 1, is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d).

(4) A person who is able to perform work he has done in the past is not disabled. 20 C.F.R. § 416.920(e).

(5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work available in the national economy. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f).

*Gossett,* 862 F.2d at 805.

In the instant case, the ALJ performed the five-step analysis finding that (1) plaintiff has not engaged in substantial gainful activity since March 1, 1990; (2) plaintiff has severe impairments including "mild depressive disorder, alcohol dependence in complete remission, shoulder and elbow arthralgias, slight vision and hearing problem, slight problem with breast implants, and some nose discomfort"; (3) plaintiff does not have an impairment or combination of impairments that meets or equals the listings; and (4) plaintiff cannot perform her past relevant work. (Decision, tr. 14, 18.) At step five, the ALJ found that plaintiff is able to perform other jobs available in the national economy, and therefore, she was not under a disability as defined by the Social Security Act. (*Id.* at 19.)

*Evidence Submitted to the Appeals Council*

Following the ALJ's decision, plaintiff requested review by the Appeals Council which was denied. In seeking review before the Appeals Council, plaintiff submitted additional evidence that apparently was not presented to the ALJ. This evidence consists of four reports concerning plaintiff's mental condition. Two of these reports, evaluations by Dr. Chadwell and Dr. Wallace, appear to have been ordered by the Utah Department of Human Services, Office of Family Support. (See tr. 186, 202.)

The first report is a Mental Status Report prepared by a psychologist, Bud O. Chadwell, Ph.D, dated December 8, 1992. Dr. Chadwell examined plaintiff and administered several tests, including an intelligence test. Dr. Chadwell's diagnosis is as follows:

DIAGNOSIS: (DSM III–R)

| | | |
|---|---|---|
| Axis I: | 296.53 | Bipolar Disorder, depressed, severe, without psychotic features. |
| R/O | 296.33 | Major Depression, recurrent, severe, without psychotic features. |
| | 294.80 | Organic Mental Disorder, NOS. |
| Axis II: | 301.90 | Personality Disorder, NOS, with passive-aggressive, dependent, and histrionic features. |

Axis III: Client currently has injuries and damage to nose and ear, as well as arthritis that affects her neck, back, and arms. It appears likely that she may also have some organicity or brain damage affecting her social judgment and verbal skills.

(Mental Status Report, tr. 191.)

Dr. Chadwell reported that plaintiff was not able to engage in any type of work at that time. He explained as follows: "Ms. Hangertner has such severe anxiety and depression, combined with manic confusion and sleep disturbance that she is unable to concentrate sufficiently to stay on task to do work requiring either physical labor or mental or social competence." (Id. at 192.) Dr. Chadwell stated that plaintiff's condition could not be expected to improve without treatment; and that, without treatment, it would grow worse. Further, depending upon plaintiff's response to treatment, it would be one year before improvement could be expected. (Id. at 191–92.)

Dr. Chadwell recommended that plaintiff be referred to a psychiatrist for evaluation and treatment of bipolar disorder. Dr. Chadwell observed that plaintiff was already being treated for depression, but he noted that treatment for bipolar disorder requires different medication. In addition, since he thought that there was a strong possibility of brain damage, he recommended that plaintiff be referred for a neuropsychological evaluation to determine the nature and degree of any organicity or brain damage. Finally, Dr. Chadwell recommended that plaintiff see a counselor or therapist on a weekly basis and also participate in group therapy. (Id.)

A report of a neuropsychological evaluation performed by Thomas C. Wallace, Ph.D, dated February 25, 1993 indicates that plaintiff was referred by Dr. Chadwell to rule out organicity. (Tr. 204.) After administering numerous tests, Dr. Wallace summarized his findings as follows:

These findings do, in fact, confirm a mild organic condition in the left hemisphere and would confirm [Dr. Chadwell's] diagnosis of organicity, however, I would modify the Axis I diagnosis as follows:

| | | |
|---|---|---|
| Axis I: | 310.10 | Organic Personality Syndrome |
| Axis II: | 301.90 | Personality Disorder, NOS, with passive-aggressive, dependent, and histrionic features |

It appears that the patient does, in fact, suffer from a mild organic condition, possibly brought into existence by her estranged husband, who she stated was very abusive. It is recommended she be seriously considered for disability benefits in terms of vocational training. I would recommend she receive training in areas which do not require or are not dependent upon left hemispheric functions, such as verbal skills.

(Tr. 204–05.)

A report dated August 24, 1993 signed by Katrina Appiah, M.S.W., and psychiatrist Robin R. Ballina, M.D., states that plaintiff was treated at Wasatch Mental Health for major depression and a generalized anxiety disorder.[1] The report indicates that plaintiff had been seen in individual therapy on a weekly basis since early December 1992. In

---

1. This report appears twice in the record albeit with different dates and signatures. The first report is dated February 2, 1993 and signed by only Ms. Appiah. (Tr. 200–01.) Apparently, the report was reissued on August 24, 1993, cosigned by Dr. Ballina, because Ms. Appiah is not considered an "acceptable medical source" under the regulations. (Def.'s Br. at 4 n. 5, file entry 10.) See 20 C.F.R. § 416.913(a) (1993).

addition, plaintiff had met with Dr. Ballina who prescribed Prozac and Trazodone.

Plaintiff's diagnosis was as follows:

| Axis I | 296.33 | Major Depression, Recurrent, Severe, without Psychotic Features. |
| | 300.02 | Generalized Anxiety Disorder. |
| | * | Alcohol Dependence in Remission. |
| Axis II | * | Dependent Personality Disorder. |

(Report, tr. 206.)

The report states that plaintiff's prognosis for recovery was very poor without ongoing mental health treatment for at least one year. At the time plaintiff began receiving services, she was in a severely suicidal state. In the opinion of the author of the report, plaintiff's condition limited her ability to perform basic work activities. (*Id.*)

The report enumerates some of plaintiff's symptoms including a diminished ability to concentrate. Plaintiff reported difficulty remembering simple instructions, stating that she had to write down even the most simple instructions or else she would forget the task that she was to perform. The report also states that plaintiff had very poor judgment and extreme difficulty working in a social setting. She experienced anxiety in large groups of people or whenever it was necessary to interact with others. The report also indicates that plaintiff suffered from psychomotor retardation, feelings of worthlessness and guilt, indecisiveness, suicidal thoughts, and crying spells. (Tr. 206–07.)

*Judicial Consideration of Evidence Submitted to Appeals Council*

The Code of Federal Regulations provides as follows:

> In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 416.1470(b) (1993).

In the instant case, the evidence submitted to the Appeals Council is new, since it is not cumulative; it is material because the ALJ's decision might reasonably have been different if the evidence had been presented to her; and it relates to the period on or before the ALJ's decision. *See Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir.1981); *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir.1991); *Szubak v. Secretary of HHS*, 745 F.2d 831, 833 (3d Cir.1984). Although the Appeals Council considered the additional evidence and specifically incorporated it into the record, it denied plaintiff's request for review. (Tr. 4–5, 6.) In denying review, the Appeals Council stated as follows: "While the additional evidence does indicate that you are experiencing exacerbations, the clinical findings do not indicate that these exacerbations are disabling. Therefore, the Appeals Council has concluded that the contention and the additional evidence do not warrant changing the Administrative Law Judge decision." (Tr. 5.)

The first issue is whether the court may properly consider the evidence which was submitted to the Appeals Council, but which apparently was not before the ALJ.[2] There is a split among the circuits on this question.

The Fourth, Eighth, and Eleventh Circuits hold that when the Appeals Council considers additional evidence, but denies review, the district court should consider the record as a

---

**2.** It is unclear why this evidence was not before the ALJ since it would have been available at the time of the hearing. In the decision of the Appeals Council, the Council states that plaintiff and her representative contended that the additional evidence was submitted at the hearing, but the ALJ did not consider it. (Tr. 4.) As the Appeals Council states, however, there is no indication in the record that the evidence was submitted at the hearing. In fact, plaintiff's representative indicated at the hearing that she did not anticipate submitting any additional evidence. (Tr. 29–30.) Nevertheless, at the end of the hearing, plaintiff seems to be attempting to discuss the results of the neuropsychological testing conducted by Dr. Wallace. (Tr. 69–70.)

whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence. *Keeton v. Dep't of HHS*, 21 F.3d 1064 (11th Cir.1994); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir.1992); *Browning v. Sullivan*, 958 F.2d 817, 822–23 (8th Cir.1992); *Wilkins v. Secretary, Dep't of HHS*, 953 F.2d 93, 96 (4th Cir.1991).[3] At least one district court has reached the same conclusion. *Jones v. Sullivan*, 804 F.Supp. 1398, 1014 (D.Kan. 1992). On the other hand, the Sixth and Seventh Circuits take the position that when the Appeals Council denies review, the district court may consider only the evidence that was before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir.1993); *Eads v. Secretary of Dep't of HHS*, 983 F.2d 815, 816–18 (7th Cir.1993).

■ The Social Security Act provides that a claimant may obtain judicial review of the "final" decision of the Secretary. 42 U.S.C. § 405(g). When the Appeals Council grants review, the decision of the Appeals Council is reviewable as the final decision of the Secretary. *Keeton*, 21 F.3d at 1066; *Browning*, 958 F.2d at 822; *Eads*, 983 F.2d at 817; 20 C.F.R. § 416.1481. When the Appeals Council refuses to consider new and material evidence and denies review, its decision is also reviewable because it amounts to an error of law. *Keeton*, 21 F.3d at 1066; *Nelson*, 966 F.2d at 366 (stating that if the Appeals Council does not consider the evidence, the court may remand the case to the Council if the evidence is new and material); *Browning*, 958 F.2d at 822–23 (same). See 20 C.F.R. § 416.1470(b) (stating that the Appeals Council shall consider additional evidence where it relates to the period on or before the date of the ALJ's decision). When the Appeals Council considers the new evidence, but denies review, the ALJ's decision becomes the final decision of the Secretary. *Keeton*, 21

F.3d at 1066; *Eads*, 983 F.2d at 817; *Browning*, 958 F.2d at 822; *Wilkins*, 953 F.2d at 96; 20 C.F.R. § 416.1481.

In *Nelson*, the Eighth Circuit held that the evidence submitted to the Appeals Council becomes part of the administrative record, even though it was not in the record at the time the ALJ made his decision. *Nelson*, 966 F.2d at 366. The court did not require the claimant to show good cause pursuant to 42 U.S.C. § 405(g) for failing to submit the evidence to the ALJ.[4] The Court reasoned that "once the evidence is submitted to the Appeals Council it becomes part of the record, thus it would not make sense to require Nelson to present good cause for failing to make it part of a prior proceeding's record." *Id.* at 366 n. 5.

The Fourth Circuit likewise does not require a showing of good cause. Although acknowledging that a claimant seeking a remand on the basis of new evidence under 42 U.S.C. § 405(g) must show good cause for not presenting the evidence earlier, the court stated that there is no requirement that a claimant show good cause when submitting new evidence to the Appeals Council. *Wilkins*, 953 F.2d at 96 n. 3.

The Eleventh Circuit has taken a slightly different approach. While holding that the newly submitted evidence is part of the administrative record to be considered by the district court on review, the Eleventh Circuit concluded that the district court may remand the case only if the evidence meets the requirements of 42 U.S.C. § 405(g), *i.e.*, the evidence is new and material and good cause exists for the claimant's failure to incorporate it into the record before the ALJ. *Keeton*, 21 F.3d at 1067–68.

The Sixth and Seventh Circuits hold that the district court cannot consider evidence first submitted to the Appeals Council. In so

---

**3.** The cited cases construe 20 C.F.R. § 404.970(b) which is the regulation pertaining to applications for Social Security disability insurance benefits under Title II of the Social Security Act. Since this case concerns an application for SSI benefits under Title XVI of the Act, the applicable regulation is 20 C.F.R. § 416.1470(b). Although the two provisions are not identical, the differences do not affect this analysis.

**4.** The pertinent part of the statute states that the court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g) (Supp.1994).

holding, the Seventh Circuit stated as follows:

> Since the submission of the evidence precedes the Appeals Council's decision, and that decision, even when it denies review, is a precondition to judicial review, the new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding, and then to this court if there is an appeal. It might seem therefore that the district judge and we would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it, which then becomes the decision reviewed in the courts. It is wrong when the Council has refused to review the case. For then the decision reviewed in the courts is the decision of the administrative law judge. The correctness of that decision depends on the evidence that was before him. He cannot be faulted for having failed to weigh evidence never presented to him....

*Eads*, 983 F.2d at 817 (citations omitted). *But see* 2 Harvey L. McCormick, *Social Security Claims and Procedures* § 603 (4th ed. Supp.1994) (criticizing *Eads*, stating that the court appeared not to have fully considered 20 C.F.R. § 404.976(b)(1) which provides that the Appeals Council "will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision.")[5] Nevertheless, the *Eads* court did state that the district court could require the ALJ to reconsider his decision if the claimant brought himself within the requirements of 42 U.S.C. § 405(g) by convincing the court

that the evidence was really new and material. *Eads*, 983 F.2d at 818. *Accord Cotton*, 2 F.3d at 696.

The position taken by the Fourth and Eighth Circuits appears to be the most reasonable approach. The evidence submitted to the Appeals Council is contained in the transcript of the administrative record that is submitted to the district court. Further, the Appeals Council specifically incorporated the evidence into the record. (Tr. 6.) It makes little sense to say that the district court cannot consider evidence that was considered by the Appeals Council in denying review simply because it was not before the ALJ.

Regarding the requirement of 42 U.S.C. § 405(g) that the claimant show good cause for not submitting the evidence earlier, that provision should be interpreted as applying to evidence first submitted to the district court, not to evidence that was submitted to the Secretary during the administrative proceedings. As the Fourth Circuit stated, there is no requirement that a claimant show good cause in seeking to present new evidence to the Appeals Council. *Wilkins*, 953 F.2d at 96 n. 3. Since it is already a part of the administrative record, the court should follow the decisions of the Fourth and Eighth Circuits and consider the additional evidence.

*Sufficiency of the Evidence to Support the ALJ's Decision*

■ The question before the court is whether the ALJ's decision is supported by substantial evidence, including the evidence before the Appeals Council. Although the diagnoses differ, all of the reports submitted to the Appeals Council indicate that plaintiff has mental impairments.[6]

Dr. Chadwell, after an examination and tests, concluded that plaintiff was unable to do any type of work at the time of the examination and that it would require at

---

5. The comparable provision applicable to SSI benefits is 20 C.F.R. § 416.1476(b)(1).

6. The only medical record before the ALJ concerning plaintiff's mental condition was a report dated May 22, 1992 by psychiatrist Stephen M. Greenleaf, M.D. (Tr. 164–68.) His report is in sharp contrast with the later reports before the Appeals Council. Dr. Greenleaf stated that plaintiff suffers from mild depressive disorder

and alcohol dependence in complete remission. In addition, he stated that her prognosis was good; that she was able to understand, remember, and carry out complex instructions; that her ability to relate to co-workers, supervisors, and the general public was intact; and that regular job attendance would present no problems. (Tr. 168.)

least a year's therapy before improvement could be expected. Dr. Chadwell's conclusion directly contradicts the statement of the Appeals Council that the clinical findings do not indicate that plaintiff's condition is disabling.

Dr. Ballina, a treating psychiatrist, stated that plaintiff's prognosis was poor without treatment and opined that her condition affects her ability to perform basic work activities. Finally, Dr. Wallace concluded that plaintiff suffers some brain organicity. His report indicates that plaintiff might benefit from vocational training in an area that does not involve verbal abilities. It should be noted that the ALJ identified only one job that plaintiff could perform: "general clerical job of office clerk." (Tr. 17, 19.) This type of job would seem to require at least some degree of verbal ability.

Since the ALJ found that plaintiff cannot do her past relevant work, the Secretary has the burden to show that plaintiff can perform other jobs that exist in the national economy. *Nielson*, 992 F.2d at 1120; *Thompson*, 987 F.2d at 1487. Considering the record as a whole, including the additional evidence before the Appeals Council, the decision of the Secretary is not supported by substantial evidence.

## RECOMMENDATION

The Secretary's decision is not supported by substantial evidence. Accordingly, the Secretary's motion to affirm should be denied. The case should be remanded to the ALJ for reconsideration in light of the additional evidence, to conduct additional hearings, or receive additional medical evidence as necessary.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation within ten (10) days after receiving it.

DATED this 8th day of August, 1994.

