UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/14/95**

CAROL GRAHAM, surviving spouse of )
Larry R. Graham, deceased, )
)
    Plaintiff-Appellant, )
)    No. 95-5104
v. ) (D.C. No. 92-C-702-E)
)    (N.D. Okla.)
SHIRLEY S. CHATER, Commissioner, )
Social Security Administration, )
)
    Defendant-Appellee. )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

Carol Graham appeals the district court's decision affirming the final decision of the Secretary of Health and Human Services denying her deceased husband's application for disability benefits.[1] Mr. Graham claimed that he became disabled on January 7, 1990, following a heart attack. After a hearing, an Administrative Law Judge (ALJ) issued a decision denying benefits on August 26, 1991. After the Appeals Counsel denied Mr.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

[1]Mr. Graham died on January 26, 1994, and his wife was substituted as the plaintiff in the district court action.

Graham's initial request for review, he submitted additional evidence consisting of hospital reports resulting from his treatment in January and February 1992 for coronary heart disease. The Council decided these records provided no basis for vacating its previous decision, holding they did not relate to whether claimant's condition was disabling prior to August 1991. App. at 21. The district court affirmed. We reverse.[2]

Mrs. Graham contends that the medical records at issue do relate to Mr. Graham's condition during the relevant time. She also argues that his condition met or equaled a listed impairment, and that the ALJ erred in evaluating his allegations of disabling pain.

The court may order the Secretary to take additional evidence if it is material and there is good cause for the failure to incorporate the evidence into the record earlier. See 42 U.S.C. § 405(g). In this circuit, evidence is material if "'the Secretary's decision might reasonably have been different had the [new] evidence been before him when his decision was rendered.'" Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981) (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)); see also Sullivan v. Finkelstein, 496 U.S. 617, 626 & n.6

---

[2]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

(1990). The medical records at issue were generated approximately five months after the ALJ decision. They contain Mr. Graham's continuing allegations of pain, including his belief that his pain had become worse in the last six to eight months, that is, before the August decision. The records recite his relevant medical history and reveal that he had ongoing angina due to severe multi-vessel coronary artery disease. See App. at 64-65. "Overall his coronaries were very diseased and . . . his long term prognosis is probably not very good due to the severity of his coronary disease." Id. at 65. The severity of Mr. Graham's condition is evidence that the condition did not become disabling only since the ALJ's decision. Accordingly, we hold that the records are material to Mr. Graham's condition prior to that time and are particularly relevant to his claim that he was disabled by shortness of breath and pain.[3]

Mrs. Graham also argues that the ALJ erred in evaluating Mr. Graham's pain allegations. We recently considered this argument under very similar circumstances. See Kepler v. Chater, No. 95-5040, 1995 WL 607022 (10th Cir. Oct. 17, 1995). There, as here, the ALJ addressed the claimant's allegations of disabling pain in

_____

[3]We reach a different conclusion with respect to the evidence generated about one year after the decision regarding Mr. Graham's herniated disc. The record contains no evidence that the herniation itself was present before August 1991. We therefore affirm the district court's decision not to order a remand for consideration of this evidence.

-3-

a conclusory fashion after setting out the general regulations and law governing pain assessments.  See id. at *4.  In fact, the portion of the ALJ's opinion quoted in Kepler is identical to the portion of the opinion at issue here.  See id.  As we stated in Kepler, the ALJ must consider the factors relevant to pain assessment set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), and "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."[4]  Kegler, 1995 WL 607022, at *4.

Moreover here, as in Kegler, the ALJ "found the claimant's testimony to be frank and sincere but credible only to the extent that it is reconciled with claimant's abilities to perform light

---

[4]The ALJ here also found the claimant had not seen his treating cardiologist for over eight months and the consulting physician had noted that the claimant was not suffering any chest pain on the day of the examination.  These observations are insufficient to distinguish this case from Kegler.  It is undisputed that the claimant was not insured and that his medical bills had left him in dire financial straits.  It is also undisputed that he lived a considerable distance from his treating physician and that he could only drive for short periods of time.  Under these circumstances, his failure to visit his cardiologist for eight months is not particularly significant.  We likewise attach little weight to the consulting physician's notation that Mr. Graham had no chest pain the day of his examination.  It is undisputed that Mr. Graham had severe coronary disease which can produce disabling pain, and the record substantiates his continuing complaints of pain.  Moreover, his testimony and the medical records establish that this pain was episodic.  Accordingly, the ALJ's reliance on these factors does not support his conclusion.

-4-

work activities."[5]  App. at 85.  The ALJ's failure in <u>Kegler</u> to provide the link between the evidence and his credibility determination required a remand.  We must likewise remand to allow the Commissioner "to make express findings in accordance with <u>Luna</u>, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain."  <u>Kegler</u>, 1995 WL 607022, at *5.

Accordingly, we remand to the district court with directions to remand to the Commissioner for express findings on Mr. Graham's allegations of disabling pain.  The Commissioner should also assess, if necessary, the degree to which Mr. Graham's allegations of pain and shortness of breath, if not disabling in themselves, would have limited his ability to perform the full

---

[5]The ALJ apparently based his credibility assessment largely upon Mr. Graham's assertion that he could lift only a bag of potatoes.  <u>See</u> App. at 86.  Mr. Graham testified that he would not always be able to carry a sack of groceries which had a bag of potatoes in it without exertion.  <u>Id.</u> at 113.  The ALJ found this testimony inconsistent with medical evidence that Mr. Graham had full grip strength.  However, Mr. Graham did not testify that he could not <u>grip</u> the sack, he testified that carrying the sack would cause exertion, <u>i.e.</u>, chest-tightening, shortness of breath and pain.  We see no inconsistency between this testimony and Mr. Graham's medical records.  <u>See</u> <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1490 (10th Cir. 1993)(deference to ALJ's credibility findings not absolute rule).  Indeed, the ALJ's reliance upon a mischaracterization of this evidence, coupled with the use of boilerplate language identical to that in <u>Kegler</u> to dispose of critical issues, leads us to question whether Mr. Graham's claim received the careful individualized consideration to which it was entitled.

range of jobs in the relevant work categories.  In so doing, the Commission should consider the medical evidence generated by Mr. Graham's hospitalizations in January and February 1992.  The Commissioner may also reconsider whether Mr. Graham met or equaled a listed impairment in light of this evidence.

REVERSED and REMANDED for further proceedings.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
