74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank LEWIS, Petitioner-Appellant,
v.
U.S. ATTORNEY; U.S. Marshal, and New Mexico Department of
Corrections, Respondents-Appellees.
 No. 94-2275.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1995.
 
 Before ANDERSON, LOGAN, and REAVLEY,* Circuit Judges.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Frank Lewis, an inmate at the Federal Correctional Institution in Florence, Colorado, appeals from an order of the United States District Court for the District of New Mexico denying on the merits his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. In his petition, Lewis seeks credit toward his federal drug sentence for time spent in New Mexico state prison. His petition and amended petition name as respondents the U.S. Attorney and U.S. Marshal for the District of New Mexico and the New Mexico Department of Corrections.
 
 
 3
 The petition, on its face, raises a jurisdictional issue which we are obliged to examine sua sponte regardless whether the parties have raised it as an issue. Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir.), cert. denied, 115 S.Ct. 77 (1994). Lewis is in federal prison, in custody of the warden of FCI Florence, Colorado, attacking a federal sentence he is currently serving; but he names as respondents a state entity and federal officials in New Mexico. The habeas statute requires that a Sec. 2241 petitioner state "the name of the person who has custody over him." 28 U.S.C. Sec. 2242 (1995). Failure to do so is fatal to the petition. Harris v. Champion, 51 F.3d 901, 906 (10th Cir.1995); Moore v. United States, 339 F.2d 448, 448 (10th Cir.1964); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976); King v. California, 356 F.2d 950, 950 (9th Cir.1966); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.1942), cert. denied, 318 U.S. 784 (1943); Moles v. Oklahoma, 384 F.Supp. 1148, 1150 (W.D.Okla.1974); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Ex parte Endo, 323 U.S. 283, 306 (1944) (writ directed to petitioner's "jailer"); Wales v. Whitney, 114 U.S. 564, 574 (1885) (custodian only proper respondent); Joyner v. Henman, 755 F.Supp. 982, 984 (D.Kan.1991) (dismissing all respondents but warden).
 
 
 4
 Lewis has failed to name his warden as a respondent. Moreover, Lewis has failed at any time to name an official with power to release him from custody under his federal sentence if the court were to credit him with time served in state prison; none of the named respondents had that authority at any stage of the proceedings. Nor has Lewis sought to amend. Accordingly, Lewis's Sec. 2241 petition is jurisdictionally defective and the district court erred by reaching the merits.[1]
 
 
 5
 Alternatively, if this court has jurisdiction--and in any event (see Billiteri v. United States Board of Parole, 541 F.2d 938, 948-49 (2d Cir.1976))--we reject Lewis's appeal on the merits. The issues raised by Lewis's amended petition have already been clearly decided in this circuit against Lewis. See McIntosh v. Looney, 249 F.2d 62, 64 (10th Cir.1957) (marshal had no duty to take petitioner into custody until released from second state sentence), cert. denied, 355 U.S. 935 (1958); Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991) (marshal had no duty to take prisoner into custody until paroled from state sentence, despite state court's intention); Goode v. McCune, 543 F.2d 751, 753 (10th Cir.1976) (no credit for time spent in state custody where state time attributable to state charges); 18 U.S.C. Sec. 3568 (1982) (federal sentence commences when person received at federal facility) (repealed 1984, reenacted in part, 18 U.S.C. Sec. 3585); see also Lionel v. Day, 430 F.Supp. 384, 386 (W.D.Okla.1976) ("Obviously no comment or order by a state judge can control the service of a federal sentence."); cf. Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir.1992) (per curiam) ("[F]ederal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody."); id. at 1272-73 (Norris, J., concurring) ("Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody."). The cases Lewis cites from other circuits deal with federal marshals failing to execute federal court orders, facts not applicable to the instant case. See Kiendra v. Hadden, 763 F.2d 69 (2d Cir.1985); United States v. Croft, 450 F.2d 1094 (6th Cir.1971); Smith v. Swope, 91 F.2d 260 (9th Cir.1937).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 In the district court, Lewis separately sought an order allowing him to serve his federal sentence in the New Mexico state prison, a patently meritless motion which the district court summarily denied. Lewis does not appeal that denial