ALD-157                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3884
_____

RASHFORD EMANUAL GALLOWAY,
                                    Appellant
v.

WARDEN of F.C.I. FORT DIX

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-05182)
District Judge: Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed:  June 25, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Rashford Galloway, a federal prisoner, seeks review of the District

Court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the foregoing reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i)

as lacking an arguable basis in fact or law.

Galloway was arrested in Pennsylvania on February 7, 2002 and detained on state drug charges. Soon thereafter he was indicted in United States District Court for the Western District of Pennsylvania on unrelated federal drug charges. A federal detainer was lodged against him on May 7, 2002. On May 23, 2002, a writ of habeas corpus *ad prosequendum* was issued by federal authorities and Galloway was temporarily transferred to federal custody to face the federal charges. He pleaded guilty on November 8, 2002, and, on April 4, 2003, Galloway was sentenced by the federal district judge in the Western District of North Carolina to a term of imprisonment of 150 months. The judge recommended to the Bureau of Prisons that Galloway participate in the Inmate Financial Responsibility Program and a substance abuse treatment program. A state sentence had yet to be imposed and thus the judge did not state a view on concurrency.

Galloway was returned to state court where he pleaded guilty to the state drug charges. On July 28, 2003, he was sentenced to a state term of imprisonment of 2-4 years, with full credit for the time spent in state custody since the date of his arrest. The record is clear that the state judge intended for the state sentence to run concurrent with the federal sentence.

On September 28, 2005, Galloway was released to federal custody to begin serving his federal sentence. Upon taking custody of Galloway, the Bureau of Prisons calculated his federal sentence without a credit for any of the time he spent in state custody from the date of his arrest through September 27, 2005 (the day before he was taken into federal

2

custody). With credit for good conduct, Galloway's projected release date is calculated to be August 16, 2016.

Prior to filing the instant habeas corpus action, Galloway sought a "Barden" credit through the administrative process, see Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990) (through designating state prison as "place of confinement" Bureau of Prisons may give credit against federal sentence for time spent in state custody). The BOP granted his request to the extent it considered whether it should exercise discretion in his favor, but denied it to the extent it determined that discretionary relief was not warranted, notwithstanding the wishes of the state court. After the Warden denied Galloway's request for credit on his federal sentence for time spent in state custody, Galloway appealed to the Regional Director.

The Regional Director upheld the Warden's decision, but, in keeping with Barden, he construed Galloway's request as one for *nunc pro tunc* designation and forwarded it to the Designation and Sentence Computation Center for review. On November 7, 2007, the BOP wrote to the federal district judge, and referencing 18 U.S.C. § 3621(b), stated: "It is the preference of the Bureau of Prisons that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request." See Response to Petition, Attachment 7, at 2. The federal judge did not respond to this letter.

On February 5, 2008, Operations Manager Mark Race, after completing the

3

*Factors Under 18 USC 3621(b) Worksheet*, recommended denying the <u>Barden</u> credit. Under "Justification" the following was written: "Based on multiple terms of imprisonment. Order was silent. Factor 3 - extensive drug history." <u>See</u> Response to Petition, Attachment 10. Galloway's subsequent appeal to the Central Office was unsuccessful. In denying his appeal, Administrator Harrell Watts stated: "In accordance with Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the expressed intent of the federal court and the goals of the criminal justice system. We reviewed your request with respect to the factors delineated in 18 USC [<u>sic</u>] § 3621(b). Of particular note, was the federal court remaining silent as to the manner in which your sentence was to be executed with the yet-to-be-imposed state sentence," and the fact that the court chose not to exercise its authority under <u>U.S.S.G.</u> § 5G1.3. <u>See</u> Petition, Exhibit C.[1]

This habeas corpus action, filed in United States District Court for the District of New Jersey, followed. Initially, the District Court dismissed Galloway's civil rights claims without prejudice and his challenges to his convictions for lack of jurisdiction. With respect to the computation of sentence issue, Galloway concluded his habeas corpus petition with a statement that he was entitled to credit against his federal sentence from

---

[1] Section 5G1.3(b) and (c) of the Guidelines permit a district court to achieve a reasonable punishment under certain circumstances when a defendant is subject to an undischarged term of imprisonment.

the date the federal detainer was lodged against him – May 7, 2002 – through the day before he was transferred to federal custody – September 27, 2005. See Petition, at 10.

The BOP submitted a response to the petition, the administrative record, and the Declaration of J. R. Johnson, explaining why it had not awarded Galloway the Barden credit. Operations Manager Race's completed *Factors Under 18 USC 3621(b) Worksheet* was included among the attachments, along with Administrator Watts' decision. The BOP also noted that Galloway was not qualified for a double credit under either Willis v. United States, 438 F.2d 923 (5th Cir. 1971), or Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993), because his federal sentence was not concurrent with his state sentence. Galloway replied to the BOP's response, arguing that the wishes of the state court judge must be honored by the BOP. Galloway did not specifically challenge the BOP's weighing of the factors under § 3621(b), and he also stated frankly that Kayfez had no bearing on his case.[2]

In an order entered on February 9, 2009, the District Court denied the habeas corpus petition. The court reasoned that Galloway had not shown that the BOP abused its discretion. The BOP properly conducted the required Barden and § 3621(b) analysis, and

---

[2] Pursuant to Kayfez, the BOP will grant an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. See BOP Program Statement 5880.28.

5

presumed that the state judge intended the sentences to be concurrent. Still, a favorable exercise of discretion was determined not to be warranted in Galloway's case and the court found no grounds for disturbing that decision.

Galloway then filed a motion for reconsideration, in which he sought to establish as a matter of fact the state judge's intention that the state sentence run concurrent to the federal sentence. He also contended for the first time that the BOP had abused its discretion, stating that he had only two sentences "that hardly qualify as multiple," Motion for Reconsideration, at 2. Moreover, the federal judge's silence on the issue of concurrency was not a proper factor for consideration, see id. at 3.

In an order entered on September 9, 2009, the District Court reconsidered Galloway's arguments but again denied his habeas corpus petition. The court stated: "Petitioner's argument devolves into a contention that in this case Respondent's exercise of good-faith discretion must necessarily result in grant of credit (rather than in denial of credit). Barden is not so broad. Barden does not hold that Respondent must give credit to each inmate seeking such credit .... [W]e have been presented with no evidence that [the BOP's] discretion was exercised in an impermissible way." Memorandum Opinion, at 3.

Galloway appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Galloway was invited to submit a written response, and he has done so. We have

6

reviewed that response carefully. In it Galloway repeats his contentions that the BOP in computing his sentence does not have the authority to frustrate the wishes of the state judge, and the federal judge's silence on the issue of concurrency has no relevance.

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 31 (1992). An appeal lacks an arguable basis in the law when it turns on an indisputably meritless legal theory, Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995) (citing Neitzke, 490 U.S. at 327). We have jurisdiction under 28 U.S.C. § 1291. Insofar as the BOP reviewed Galloway's request for *nunc pro tunc* credit, and considered the factors enumerated in § 3621(b), our review is limited to whether the BOP abused its discretion, Barden, 921 F.2d at 478. The BOP abuses its discretion when it renders a decision that is "arbitrary, capricious, ... or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). See also Gardner v. Grandolsky, 585 F.3d 786, 791 (3d Cir. 2009) (per curiam).

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). Section 3621(b) of Title 18 authorizes the BOP to designate the place of confinement for purposes of serving federal sentences of imprisonment. See Barden, 921 F.2d 476. The BOP can thus effect concurrency of a federal sentence and state sentence

through a *nunc pro tunc* designation. Had the BOP made this designation, Galloway's

federal sentence likely would have begun to run on the date it was imposed, April 11,

2003, even though he was still in the custody of Pennsylvania.[3] Concurrency would thus

have been achieved to a significant extent.

Upon receipt of Galloway's application for *nunc pro tunc* designation, the BOP

considered his request under 18 U.S.C. § 3621(b) and Barden, 921 F.2d 476. The BOP

sent a letter to the federal district judge, inquiring about his position on the issue of

concurrency, id. at 483 ("[T]he statute wisely requires the Bureau to solicit the views of

the sentencing judge whenever possible[.]"). The federal district judge did not respond to

the BOP's inquiry. Because the federal judge could have, but did not, use that

opportunity to voice support for concurrency, the BOP interpreted the judge's silence as a

"negative." The BOP then reviewed, on February 25, 2008, Galloway's request under the

five factors stated in § 3621(b), which are: "(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense; (3) the history and characteristics of the

---

[3] The BOP likely would not have given Galloway credit against his federal sentence for all of the time he spent in state custody even if it had made the *nunc pro tunc* designation. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. See 18 U.S.C. § 3585(a). As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labielle-Soto, 163 F.3d 93, 98 (2d Cir. 1998). We note also that Galloway remained in the custody of Pennsylvania from the date of his arrest until he was released into the custody of federal authorities. See generally Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) (prisoner not entitled to credit against federal sentence for time spent in federal detention pursuant to writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner").

prisoner; (4) any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b) (2008).

According to the *Factors Under 18 USC 3621(b) Worksheet*, the BOP justified its decision not to exercise discretion in Galloway's favor by referencing his multiple terms of imprisonment, his extensive drug history, and the federal district judge's silence on the issue of concurrency. See Response to Petition, Attachment 10. The two drug convictions were noted under § 3621(b) Factors 2 and 3. See id. Also under Factor 3 it was noted that Galloway had a clean institutional conduct record. See id. Under Factor 4 it was noted that a Barden letter had been sent to the federal district judge but he had not responded.

In Barden, we explained that the "answer to [the] question [whether a petitioner is entitled to a favorable exercise of the BOP's discretion] will depend on the Bureau's practice in making such designations, as well as its assessment of Barden's conduct in custody, the nature of his crime and all the other factors that govern penal authorities' consideration of a prisoner's request for relief from the strict enforcement of his sentence." 921 F.2d at 478. We also noted that neither the federal courts nor the BOP are bound in any way by a state court's direction that the state and federal sentences run

9

concurrently. See id. at 478 n.4 (citing U.S. Const. art. VI, cl. 2). See also Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002) (concurrent sentences imposed by state judges are merely recommendations to federal officials).

We hold that the BOP's choice here to exercise its discretion, in part by relying upon the federal district judge's silence on the issue of concurrency, was not arbitrary and capricious. As a threshold matter, Galloway's argument that his federal sentence must run concurrent to his state sentences in deference to the wishes of the state court judge is unavailing in light of the controlling language of 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Section 3584(a) presumes consecutive sentences unless the court orders otherwise, and, here, the federal district judge did not affirmatively voice support for concurrency.

As to any contention that the BOP abused its discretion, Galloway has failed to show that the BOP's weighing of the § 3621(b)'s factors was arbitrary or capricious. The BOP's interpretation of the judge's silence as a "negative" under Factor 4 was not unreasonable. Cf. 18 U.S.C. § 3584(a), *supra*. The BOP's consideration of the resources of the federal system under Factor 1, and Galloway's criminal drug history under Factors 2 and 3, was required by the statute, and, we might add, consistent with the federal district judge's express statement at sentencing that Galloway participate in a drug treatment program. Galloway has two, close-in-time, and unrelated drug convictions in two

10

different states. He was arrested in Warrington Township, Pennsylvania with 25 pounds of marijuana in the trunk of his rental car, see Declaration of J. R. Johnson, at ¶ 4, and he was convicted of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in North Carolina. Galloway did not contest that he has two drug convictions; he simply sought to minimize that fact. But the test is not whether he, or even the federal courts, would weigh the § 3621(b) factors differently. The test is whether the BOP, in weighing the factors, acted arbitrarily, capriciously, or contrary to the law, 5 U.S.C. § 706(2)(A); Gardner, 585 F.3d at 791, and we are not persuaded that it did so in Galloway's case.

Attached to Galloway's response in support of the appeal is a letter from the state court judge in which he states that "it appears the BOP considered the sufficiency of the Fort Dix resources, Petitioner's multiple terms of imprisonment, his drug history, and the lack of a reply from [the federal sentencing judge]. It is difficult to comprehend among those factors what warranted the determination that Mr. Galloway's State sentence, against our clear direction, should not run concurrent with the Federal sentence imposed." See Motion in Support of Appeal, Exhibit 1. Even if we agreed with the state judge that the BOP's decision not to award Galloway the Barden credit was "difficult to comprehend," the fact remains that the BOP reviewed Galloway's request for *nunc pro tunc* credit and considered the factors enumerated in § 3621(b). Our review is thus limited to whether the BOP abused its discretion. Barden, 921 F.2d at 478. In view of, as

11

the judge notes, the sufficiency of the resources at FCI-Fort Dix and Galloway's criminal drug history, we cannot say that the BOP abused its discretion in Galloway's case. Cf. McLean v. Crabtree, 173 F.3d 1176, 1182 (9th Cir. 1999) (discussing BOP's authority to design and administer various treatment programs).

Last, on appeal to the National Inmate Appeals, Administrator Watts upheld the denial of the Barden credit. Referencing 18 U.S.C. § 3584 and BOP Program Statement 5160.05, which expresses a policy that a designation effecting concurrent service is made only when it is consistent with the expressed intent of the federal court and the goals of the criminal justice system, see generally Taylor, 284 F.3d at 1149 (policy statement's focus on federal sentencing court's intent is within BOP's discretion), Watts placed particular emphasis in his written decision on the federal judge's having remained silent on the issue of concurrency. But it does not appear to us that Watts relied exclusively on the federal judge's lack of express support for concurrency, because he specifically stated that "[w]e reviewed your request with respect to the factors delineated in 18 USC § 3621(b)." See Petition, Exhibit C. Moreover, the Operations Manager's *Factors Under 18 USC 3621(b) Worksheet* indicates that Factors 1, 2 and 3 played a significant role in the BOP's decision; only Factor 5 was specifically noted not to be applicable. In short, the administrative record considered as a whole in Galloway's case supports the conclusion that the BOP did not abdicate its statutory responsibility to bring its independent judgment to bear on the Barden issue by relying too heavily on the federal

12

judge's silence on the issue of concurrency.

To summarize, Galloway did not assert, let alone show, that other prisoners similarly situated to him have received the Barden credit, which assertion might have supported an argument that the BOP acted arbitrarily. He did not assert that the BOP had changed its practices. See Barden, 921 F.2d at 428. In his petition for writ of habeas corpus and reply to the BOP's response, Galloway relied exclusively on his contention that the BOP must give effect to the state judge's concurrency order. This is a meritless legal theory. Neitzke, 490 U.S. at 325; Deutsch, 67 F.3d at 1085. We expressly noted in Barden that the BOP is not bound in any way by a state court's direction that the state and federal sentences run concurrently. 921 F.2d at 478 n.4 (citing U.S. Const. art. VI, cl. 2). See also Taylor, 284 F.3d at 1150 ("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials.") (quoting Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Norris, J., concurring)).

For the foregoing reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in fact or law.

_____

AMBRO, Circuit Judge, dissenting

Because I do not believe Galloway's appeal "is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), I respectfully dissent.

13

We held in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991), that the Bureau of Prisons can, in its discretion, designate a state prison as a place of federal confinement *nunc pro tunc*. *Id.* at 483. Relevant factors include "the Bureau's practice in making such designations," "its assessment of [the prisoner's] conduct" and "actions" while in custody, "the nature of [the] crime," "the intent of the state judge," and "any other broadly relevant characteristics or circumstances." *Id.* at 478, 483.

As my colleagues recognize, the state judge in sentencing Galloway intended its sentence to run concurrently with the federal sentence; indeed, the state judge went so far as to write a letter to the BOP to this effect. While the state court's recommendation does not bind the BOP, it is a "relevant characteristic[]" under *Barden*. *Id.* at 483. Yet the BOP did not once mention the state court's intent in its adjudication of Galloway's claim. Instead, it relied almost exclusively on the silence of Judge Voorhees, the federal sentencing judge, to deny Galloway's request, despite our instruction in *Barden* that the federal sentencing court's decision "is not controlling under the statute." *Id.*

When the BOP focused on the federal sentencing court's silence to the exclusion of the state sentencing court's expressed intent, it may have abused its discretion, and Galloway may have been denied his right to "'fair treatment' on his application." *Id.* Thus, Galloway's argument is not based on an "indisputably meritless legal theory," Maj. Op. at 7, but instead is solidly grounded in our case law. I would allow his appeal to go forward.

14