Anthony **DEL GUZZI**, Petitioner–Appellant,

v.

**UNITED STATES of America; U.S. Parole Commission; United States Marshal; U.S. Attorney General, Respondents–Appellees.**

**No. 90–15813.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 1992.*

Decided Dec. 2, 1992.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Anthony Del Guzzi, pro per.

George C. Stoll, Asst. U.S. Atty., San Francisco, Cal., for respondents-appellees.

Before SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.

## PER CURIAM:

This case presents the question of a federal court's authority to credit a federal prisoner with time spent in state prison. In August 1985, Anthony Del Guzzi pled guilty to a counterfeiting charge in federal court and was sentenced to a 5-year term. The sentencing judge ordered Del Guzzi to self-surrender to federal officials the next month. One week before he was due to turn himself in, Del Guzzi was arrested and charged with a California drug violation. Del Guzzi pled guilty, and the state court judge sentenced him to a 7-year term, to run concurrently with the pending 5-year federal term. The state judge recommended that Del Guzzi be transported to federal prison to serve his concurrent terms.

Del Guzzi was not transported to federal prison. Although the state officials informed the federal officials of Del Guzzi's presence in state prison, the federal officials declined to accept him, apparently on the ground that they would take custody of Del Guzzi only upon completion of his state sentence.

After completing his state sentence on April 17, 1989, Del Guzzi was released from state custody, and immediately accepted into federal custody. Del Guzzi had spent three years and seven months in state custody. Del Guzzi immediately began petitioning federal prison officials to credit his state time against his federal sentence. His requests were consistently denied, as the federal official maintained that his federal sentence began on April 17, 1989, the day he arrived at the federal prison. After exhausting his administrative remedies Del Guzzi brought this pro se habeas petition. The district court denied it. Del Guzzi timely appealed.

18 U.S.C. § 3568, in effect at the time of Del Guzzi's sentencing, states in relevant part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . .

> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

> No sentence shall prescribe any other method of computing the term.

■ Del Guzzi first argues that he was awaiting transportation within the meaning of § 3568. This argument fails. The state sentencing judge had no authority to commit Del Guzzi to the state prison to await transportation to the federal prison where he was to serve his federal sentence. Although the state judge stated that Del Guzzi's sentence "may be served in the federal prison," and "recommended that he be transported on the first available transportation," his authority was limited to sending Del Guzzi to state prison to serve his state sentence. Accordingly, his federal sentence did not begin to run until April 17, 1989, when he was received at the federal prison. *Hardy v. United States Bd. of Parole,* 443 F.2d 402, 402 (9th Cir.1971) ("It is fundamental that appellant's federal sentence did not begin to run until appellant . . . was returned to federal prison for the service of the balance of his sentence");

*Thomas v. Brewer,* 923 F.2d 1361, 1368–69 (9th Cir.1991).

Del Guzzi next contends that even if he was not awaiting transportation within the meaning of § 3568, the federal courts have the authority to credit him with time spent in state prison. We are aware, however, of no such authority. To the contrary, we have no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody. *See, e.g., Smith v. United States Parole Comm'n,* 875 F.2d 1361, 1364 (9th Cir. 1989), *Shabazz v. Carroll,* 814 F.2d 1321, *vacated* 833 F.2d 149 (9th Cir.1987); *United States v. Warren,* 610 F.2d 680, 685, n. 9 (9th Cir.1980).

AFFIRMED.

WILLIAM A. NORRIS, Circuit Judge, concurring:

I agree that Anthony Del Guzzi was not awaiting transportation within the meaning of § 3568 and that Ninth Circuit law does not permit this court to credit Del Guzzi with the time he spent in state prison. But I see this as one of those deeply troubling cases in which the law dictates an unjust result.

It is undisputed that Del Guzzi was sentenced to five years in federal prison and seven years in state prison and that these terms were to run *concurrently.* It is similarly undisputed that because he was not immediately transported to federal prison, as the state sentencing judge recommended, he served his entire sentence in state prison before reaching federal prison, where he was then informed he would have to serve his entire federal sentence with no credit given for the state time. Accordingly, Del Guzzi will spend approximately 8 years and seven months in prison, although neither the federal nor the state sentencing court anticipated that he would spend more than five years in prison.[1] In essence, the refusal of the federal officials to accept custody of Del Guzzi turned his concurrent sentences into consecutive ones.

As the following exchanges make clear, this result ran contrary to not only the wishes of the state sentencing judge, but also to the understanding of the prosecutor, of the defense attorney, and of Del Guzzi himself. The following discussion occurred during the taking of the plea agreement:

> Mr. Geragos (defense lawyer): .... The Court has the authority and the Court will, according to this agreement, sentence him to do his state time concurrent with the federal time that he is under sentence for right now. That is the agreement. The law allows that, and that is what we are expecting.
>
> Mr. Hazel (prosecutor): I have no trouble with the Superior Court upstairs ordering him to do his time in federal facilities concurrent with his federal time there. He would have to do all of his state time, though, whatever it is.
>
> The Court: But he may serve it in the federal prison rather than in the state prison.
>
> Mr. Hazel: It is my understanding he has five years coming in federal time.
>
> The Defendant: I am sentenced to five years in the federal penitentiary. This state charge would almost go day for day with the federal charges.

Reporter's Transcript of Preliminary Hearing at 3–4.

The court concluded the plea agreement hearing by stating that "the plea is freely and voluntarily entered, that the defendant understands the nature of the offense and *consequences of the plea.*" (emphasis added). As it would turn it, nothing could have been further from the truth, as the real consequences of the plea agreement turned out to be completely different than Del Guzzi expected.

An examination of the sentencing hearing reinforces the conclusion that the parties thought Del Guzzi's state and federal

---

1. While the state judge sentenced him to seven years, he likely was aware that such a sentence would result in less actual time. Indeed, the seven year sentence resulted in three years and seven months actual time.

sentences would run concurrently. Indeed, the sentencing hearing reflects the fact that had the sentencing judge not held this understanding, he might well have sentenced Del Guzzi to a shorter sentence. The prosecutor used the fact that Del Guzzi's sentences would be served concurrently as a basis for arguing that the judge should impose the statutory maximum. According to the prosecutor, Del Guzzi "got a decent sentence in this case; that is, he was allowed to serve his time at the same time as his federal time and in a federal facility, which is considered quite an advantage." Reporter's Transcript of Sentencing Hearing at 24–25. The judge, apparently persuaded by the prosecutor's argument, sentenced Del Guzzi to seven years, the statutory maximum. He indicated that the sentence would run concurrent with the federal sentence and recommended that Del Guzzi be transported to federal prison as soon as possible.

These exchanges make clear that Del Guzzi, his lawyer, the prosecutor, and both the judge who accepted the plea agreement and the judge who entered the sentence, all believed that Del Guzzi's sentences would run concurrently. Indeed, every aspect of this criminal proceeding, from the initial stage of the plea agreement to the ultimate sentencing decision, was controlled by the parties' expectation that Del Guzzi's sentences would be concurrent. Yet federal officials refused to accept custody of Del Guzzi until the expiration of his state term three years and seven months later. Furthermore, federal authorities refused to credit his time spent in state prison against his federal sentence.

Upon learning that his sentence had been doubled and his legitimate expectations crushed, Del Guzzi pled his case to every level of the prison administration. At his parole hearing, he spoke of his expectations at the time he entered his plea in state court. He reminded the parole board that his codefendant, who had received a similar sentence, had been transferred almost immediately to the federal prison, and had therefore already been released. Finally, he pointed out that had the state sentencing judge been aware that federal officials would disregard his orders, he might not have chosen to impose the statutory maximum. None of these arguments moved the prison officials, and Del Guzzi's appeal to this court fares no better.

If the circumstances had been slightly different, Del Guzzi would not be facing a doubled sentence. If, for example, Del Guzzi had been in the custody of federal marshals, instead of state officials, and those federal marshals had erroneously turned him over to state authorities, we would credit the time spent in state prison against his federal sentence. *See Smith v. Swope,* 91 F.2d 260, 262 (9th Cir.1937) (when federal prison officials do not transfer a prisoner in the fashion contemplated by the sentencing judge, "that failure cannot be charged up against the prisoner"). Del Guzzi would also have been more fortunate if federal officials had mistakenly released him, and then attempted to rearrest him. When a prisoner is mistakenly discharged from prison, each subsequent day spent *in freedom* is credited to his term, *Green v. Christiansen,* 732 F.2d 1397, 1400 (9th Cir.1984), a result Del Guzzi might well view as bizarre in light of the fact that we refuse to credit him with additional time spent *in custody.* Unfortunately for Del Guzzi, these hypothetical scenarios do not describe his case. On the real facts of his case, the law of this Circuit mandates that he remain in prison.

While Del Guzzi will get no relief from this court, I hope his case will serve as a lesson to those who are in a position to guard against future cases of this sort. State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit

the time the prisoner spent in state custody. I hope that defense attorneys and state judges will from this point forward structure their plea agreements and sentencing orders in a manner which avoids the unintended and unjust result reached today.