68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eli Moses LOPEZ, Defendant-Appellant.
 No. 94-50638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eli Moses Lopez, a former federal prisoner, appeals pro se the district court's denial of his motion for reduction of his sentence. He contends the district court erred when it denied him relief. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. See United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993). We review de novo, see id. at 944, and affirm.
 
 
 3
 On February 4, 1993, Lopez consented to be tried before a United States Magistrate Judge; pleaded guilty to altering a one dollar bill into a ten dollar bill in violation of 18 U.S.C. Sec. 491(a); and was sentenced to thirty days in custody and one year of supervised release. After pleading guilty in an unrelated state proceeding to assault with a deadly weapon, the San Diego County Superior Court sentenced Lopez, on October 18, 1993, to three years' probation with the condition that he serve 365 days in jail. On July 26, 1994, Magistrate Judge Moskowitz found, based on the conduct underlying Lopez's state court conviction, that Lopez had violated the terms of his supervised release. Magistrate Judge Moskowitz sentenced Lopez to 285 days in federal custody.
 
 
 4
 While in federal custody, Lopez filed a motion for reduction of sentence contending his federal sentence should be vacated on the grounds that: (1) his state conviction was invalid because he did not knowingly and voluntarily enter his plea; and (2) at the time of his state sentence he had been assured that any other sentence would run concurrently with his state sentence. On October 31, 1994, Magistrate Judge Moskowitz denied Lopez's motion. On November 21, 1994, Lopez filed a notice of appeal.[1]
 
 
 5
 We construe Lopez's motion for a concurrent sentence as a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. See Johnson, 988 F.2d at 943. To the extent that Lopez challenges his state court plea, he must raise that challenge by 28 U.S.C. Sec. 2254. See 28 U.S.C. Sec. 2254; see also Rose v. Lundy, 455 U.S. 509, 520 (1982) (petitioner must exhaust his claims in state court before proceeding to federal court).
 
 
 6
 There is no evidence in the record supporting Lopez's allegation that the state court assured him that any other sentence would run concurrently with his state sentence. Even assuming the truth of Lopez's allegation, the state court has no power to order that a federal sentence be served concurrently with or consecutively to a state sentence. See Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992) (per curiam).
 
 
 7
 It is the policy of the United States Sentencing Commission that the sanction imposed upon revocation of supervised release is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation. U.S.S.G. Ch.7, Pt.B, intro. comment. Consequently, Magistrate Judge Moskowitz's denial of Lopez's motion to vacate his consecutive sentence was entirely proper.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Lopez subsequently filed additional motions raising other grounds which the district court later denied in separate orders. We do not address the grounds raised in Lopez's additional motions because this appeal is limited to review of the October 21, 1994 order. See Fed. R. App. P. 3