# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANDRE WILSON v. STATE OF TENNESSEE

**Criminal Court for Shelby County**
**No. P-25387**

---

**No. W2001-02442-CCA-R3-PC  - Filed April 17, 2002**

---

David G. Hayes, J., dissenting.

I am unable to join with the majority in affirming dismissal of the petition upon grounds that it was time-barred.

This case is but one of many cases from Shelby County in which a defendant has raised before this court a challenge to the voluntariness of his guilty plea based upon a plea agreement which provided that the defendant's state sentences would be served concurrently to the defendant's outstanding or pending federal sentence. Although we acknowledge that the previous cases were timely filed, we nonetheless note that relief was granted in all cases where the State was found to have breached its plea agreement. *See e.g., Lucious Allen v. State,* No. W2000-02320-CCA-OT-PC (Tenn. Crim. App. at Jackson, Nov. 2, 2001); *Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC (Tenn. Crim. App. at Jackson, Oct. 17, 2000); *State v. Bruce C. Reliford*, No. W1999-00826-CCA-R3-CD (Tenn. Crim. App. at Jackson, Oct. 2, 2000); *Derrick E. Means* v. *State*, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998); *Joe Seigle v. Oscar Mason*, No. 03C01-9610-CR-00364 (Tenn. Crim. App. at Knoxville, Oct. 1, 1997). Although we are not presented with any factual findings in the instant case, as the post-conviction court summarily dismissed the petition, the judgment of conviction forms and plea agreement documents reflect that petitioner's state convictions were to be served "concurrently with 94-03474, 76, 77, 78, 79, 81 & 94-04332 and LR-CR-92-6(2) of the Federal District Court of Eastern Arkansas." The obvious dilemma presented by this plea agreement is that the State of Tennessee lacks any authority to control a federal sentence. The determination by federal authorities as to the manner in which a federal sentence is to be served in federal custody in conjunction with a state sentence is a federal matter "which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Derrick E. Means v. State*, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998)(citations omitted). One United States Court of Appeals Judge has summarized the problem from the federal perspective as follows:

State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow a recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

*Del Guzzi v. United States*, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Norris, J., concurring). In several of the above cases, as in the present case, the defendant was in federal custody when the state negotiated guilty plea was entered. In all of these cases, the federal correctional facility refused to accept return of the defendant until the state sentences had been served; the effect of which resulted in the defendant's state negotiated concurrent sentences being transformed into consecutive sentences.

This, in turn, leads to the underlying issue presented in the petition, *i.e.*, the voluntariness of the guilty plea within the context of a negotiated plea agreement. Acknowledging the attachment of due process rights within the guilty plea proceeding, the United States Supreme Court has observed:

[Where] a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled . . . That the breach of agreement was inadvertent does not lessen its impact.

*Santobello v. New York*, 404 U.S. 257, 264, 92 S. Ct. 495, 499 (1971). As Justice Douglas notes in his concurring opinion, it is "clear that a prosecutor's promise may deprive a guilty plea of the 'character of a voluntary act.'" *Santobello v. New York*, 404 U.S. at 267, 92 S. Ct. at 501 (citations omitted). Moreover, "where the 'plea bargain' is not kept by the prosecutor, the sentence must be vacated and the state court will decide in light of the circumstances of each case whether due process requires (a) that there be a specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges." *Id.*[1]

In *Williams v. State*, 44 S.W.3d 464, 467-72 (Tenn. 2001), our supreme court observed that due process considerations may toll the statute of limitations for filing an action for post-conviction relief. In this case, the petitioner first learned that his plea agreement was breached only after the one-year statute of limitations had expired. Thus, the petitioner was barred from seeking post-

[1] The irony presented in the present case, however, is that there may be no state sentencing remedy. The petitioner has already completed his eighteen-year state sentence, with the result being that apparently he will be required to serve approximately six years beyond the trial court's sentencing order. If so, as observed in *Santobello*, "[t]his record presents another example of an unfortunate lapse in orderly prosecutorial procedures . . . . The heavy workload may well explain these episodes, but it does not excuse them." *Santobello*, 404 U.S. at 260; 92 S. Ct. at 498.

conviction relief. Additionally, he was barred from seeking state habeas corpus relief because of his confinement in federal prison. Tennessee Code Annotated § 29-21-102. As found by the post-conviction court, the petitioner, upon learning of the breach, "fully exhausted his grievance rights, and on August 23, 2000, the National Inmate Appeal's Board, in Washington D.C., denied the Defendant request for relief and refused to credit his Federal sentence with any of the time he served in the Tennessee Department of Correction." The petition for post-conviction relief was filed on July 19, 2001.

In view of these facts, I find a valid question is raised as to whether the petitioner was prevented from timely filing his petition for post-conviction relief within the statutory one-year filing period. As such, I would remand to the trial court for an evidentiary to determine: (1) whether due process tolled the statute of limitations so as to give the petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the petitioner's filing of the post-conviction petition on July 19, 2001, was within the reasonable opportunity afforded by the due process holding. *See Williams v. State*, 44 S.W.3d at 471.

 

 

 
_____

DAVID G. HAYES, JUDGE