# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. TAB VIRGIL

### Criminal Court for Shelby County
### No. 04-05409

---

### No. W2006-02346-CCA-R3-CD  - Filed February 14, 2008

---

David G. Hayes, J., separate concurring.

I join with the majority, but write separately for the following reasons.

This case is but one of many cases from Shelby County in which a defendant has raised before this court a challenge to the voluntariness of his guilty plea based upon a plea agreement which provided that the defendant's state sentences would be served concurrently to the defendant's outstanding or pending federal sentence. *See e.g., Lucious Allen v. State,* No. W2000-02320-CCA-OT-PC (Tenn. Crim. App. at Jackson, Nov. 2, 2001); *Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC (Tenn. Crim. App. at Jackson, Oct. 17, 2000); *State v. Bruce C. Reliford*, No. W1999-00826-CCA-R3-CD (Tenn. Crim. App. at Jackson, Oct. 2, 2000); *Derrick E. Means* v. *State*, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998); *Joe Seigle v. Oscar Mason*, No. 03C01-9610-CR-00364 (Tenn. Crim. App. at Knoxville, Oct. 1, 1997). The obvious dilemma presented by this plea agreement is that the State of Tennessee lacks any authority to control a federal sentence. The determination by federal authorities as to the manner in which a federal sentence is to be served in federal custody in conjunction with a state sentence is a federal matter "which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Derrick E. Means v. State*, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998)(citations omitted). One United States Court of Appeals Judge has summarized the problem from the federal perspective as follows:

> State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow a recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

*Del Guzzi v. United States*, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Norris, J., concurring). In all of the above referenced Shelby County cases, the federal correctional facility refused to accept return of the defendant until the state sentences had been served; the effect of which resulted in the defendant's state negotiated concurrent sentences being transformed into consecutive sentences.

This, in turn, leads to the underlying issue presented in this appeal, *i.e.*, the voluntariness of the guilty plea within the context of a negotiated plea agreement. Acknowledging the attachment of due process rights within the guilty plea proceeding, the United States Supreme Court has observed:

> [Where] a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled . . . That the breach of agreement was inadvertent does not lessen its impact.

*Santobello v. New York*, 404 U.S. 257, 264, 92 S. Ct. 495, 499 (1971). It is apparent in this case that the Defendant's guilty pleas were induced in "significant" degree upon the agreement that his state and federal sentences would run concurrently. Accordingly, withdrawal of his guilty pleas are warranted.

It should be emphasized, in view of the ongoing nature of this issue, that neither the State nor defense counsel should enter into any plea agreement which contains contingencies within the agreement or which, by law, cannot be achieved.

_____
DAVID G. HAYES, JUDGE