IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE Assigned on Briefs November 18, 2014

## JUSTIN RASHAD FORREST v. TODD WIGGINS, WARDEN

**Appeal from the Criminal Court for Johnson County
No. CC14CV25Stacy L. Street, Judge**

_____

**No. E2014-00978-CCA-R3-HC - Filed February 3, 2015**

_____

The petitioner, Justin Rashad Forrest, appeals the denial of his petition for writ of habeas corpus. On appeal, the petitioner contends that he is entitled to habeas corpus relief because his state sentence is void because the trial courtlacked jurisdiction to impose concurrentstate and federal sentences. He also contends that the State breached the plea agreement that called for concurrent federal and state sentences and that he received ineffective assistance of counsel that prevented him from entering a knowing and voluntary guilty plea. After thoroughly reviewing the record, the briefs of the parties, and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Justin Rashad Forrest, Mountain City, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### I. Facts and Procedural History

On August 22, 2007, the petitioner pled guilty in federal court to the charge of being

a felon in possession of a firearm and received a twenty-two year sentence. On January 14, 2008, the petitioner pled guilty in the Circuit Court of Madison County to one count of especially aggravated kidnapping, two counts of especially aggravated robbery, three counts of aggravated robbery, two counts of aggravated burglary,one countof theftof propertyover $1,000.00, and one count of simple possession of marijuana, charges stemming from three different cases, and received an effective sentence of fifteen years. Pursuant to his plea agreement, the petitioner's state sentence was to be served concurrently with his federal sentence. At the sentencing hearing,the following exchange occurred between the trial court and the petitioner:

> Q        And the sentences today, it's the intent that they be concurrent with your federal case. That's the agreement. I can't promise you what the Federal court will do, but I will tell you today that these sentences that I'm imposing on you as part of your plea agreement as far as the State court is concerned are to be concurrent with your federal sentence. You understand that?
>
> A        Yes, sir.
>
> Q        I cannot promise you when you're going back to federal custody or how the Federal Court or Federal Judge will treat these state sentences. Do you understand that?
>
> A        Yes, sir.
>
> Q        Question?
>
> A        Yeah, I got to ask you something. I already got my time for the Federal Court. I got 22 years over there. So now that I done took this plea, I'm gonna be through with this. Will y'all just release me to the federal prison?
>
> Q        I can't say what "y'all" will do because you're not going to be in my custody. That's depending on the State of Tennessee and Department of Correction[]. I don't know.  I can't promise you if and when you'll be released, but it is again my intent that these run concurrent with the federal case.  Again, I cannot tell you when you'll be released to federal custody. I don't know. Any other questions so far?

After determining that the petitioner freely, voluntarily, and intelligently made his guilty pleas, the trial court accepted the guilty pleas.

On February 4, 2009, the petitioner filed a petition for post-conviction relief, arguing that his plea was not knowingly and voluntarily entered because he received ineffective assistance of

2

counsel. *Justin Rashard*[1] Forrest v. State, No. W2009-00827-CCA-R3-PC, 2010 WL 1508294, at *2, 7 (Tenn. Crim. App. Apr. 14, 2010), *perm. app. denied* (Tenn. Sept. 23, 2010). He contended that counsel failed to interview witnesses; failed to address issues raised by the petitioner before the plea hearing; and failed to review, explain, and discuss the discovery materials. *Id.* at *7. On appeal, this court affirmed the denial of the petition. *Id.* at *8. The petitioner made no argument in his petition that his guilty plea was not knowing and voluntary due to the fact that he was not serving his state sentence concurrently with his federal sentence.

In addition to the petition for post-conviction relief, the record reflects that the petitioner filed at least two petitions for a writ of habeas corpus in federal court. The petitioner voluntarily withdrew his first petition, and the district court denied relief as to the second petition. The petitioner never raised the argument in either petition that his guilty plea was not made knowingly or voluntarily because his sentences were not being served concurrently.

On March 31, 2014, the petitioner filed a *pro se* petition for writ of habeas corpus. The State filed a motion to dismiss the petition for a failure to show a void judgment, and the habeas corpus court denied the petition without conducting a hearing or appointing counsel. The petitioner now appeals the denial of his petition.

## II. Analysis

On appeal, the petitioner contends that his sentence is illegal because his plea agreement indicated that he was to serve his state sentence concurrently with his federal sentence, but the trial court lacked jurisdiction to require the federal prison to comply with the terms of the plea agreement. He also contends that because he is not serving his state sentence concurrently with his federal sentence, the State breached the terms of the plea agreement, and he received ineffective assistance of counsel that prevented him from entering a knowing and voluntary guilty plea.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when it appears upon the face of the judgment or the record of the proceedings that the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ may be used to correct judgments that are void, rather than merely voidable. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011). A judgment is void when it "is facially invalid

---

[1] We note that this court spelled the petitioner's last name as "Rashard" in its opinion denying post-conviction relief. However, the petitioner's brief and record reflect that the appropriate spelling of his last name is "Rashad," and we use that spelling in this opinion.

because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83. A voidable judgment "is one which is facially valid and requires the introduction of proof beyond the face of the record or the judgment to establish its invalidity." *Id.* The appropriate avenue of relief for correcting a voidable judgment is a petition for post-conviction relief. *Id.*

Tennessee Rule of Criminal Procedure 32(c)(2)(B) provides the trial court with the discretion to order concurrent service of a state and federal sentence upon a finding of good cause. However, the implementation of this practice "has proven to be difficult." *Derrick E. Means v. State*, No. 02C01-9707-CR-00248, 1998 WL 470447, at *5 (Tenn. Crim. App. Aug. 13, 1998). The difficulty arises because state and federal courts maintain "dual sovereignty," meaning that "[n]either sovereign controls the other's proceedings." *Id.* As a result:

> State sentencing judges and defense attorneys in State proceedings should be put on notice. Federal prison officials are under no obligation to, and maywell refuse to,follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the State prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

*Del Guzzi v. United States*, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Norris, J, concurring).

While the trial court has the authority to impose concurrent state and federal sentences,federalauthoritieshave the authorityto refuse to implementthe trialcourt's order. However, the ability of federal authorities to refuse to honor a plea agreement that calls for the concurrent service of state and federal sentences does not deprive the trial court of all jurisdiction to impose such a sentence and render the judgment faciallyinvalid. Byrule, trial courts possess the authority to impose concurrent state and federal sentences, *see* Tenn. R. Crim. P. 32(c)(2)(B), and our supreme court has noted that a state sentence may be made concurrent with a federal sentence in only two ways: (1) the Bureau of Prisons designates the state prison as the location of confinement; or (2) the Bureau of Prisons accepts a state prisoner who has not fulfilled a state sentence into federal custody. *Faulkner v. State*, 226 S.W.3d 358, 363-64 (Tenn. 2007) (citing Erin E. Goffette, Note, *Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction*, 37 Val. U.L. Rev. 1035, 1057-58 (2003)). Thus, a judgment ordering concurrent state and federal sentences may be facially valid pursuant to Tennessee Rule of Criminal Procedure 32(c)(2)(B), but it may later be shown to be invalid through an offering of proof that the Federal Bureau of Prisons had either refused to allow a petitioner to serve his sentence in a state institution or refused to accept custody of the petitioner into a federal prison. However, because this showing requires the introduction of proof beyond the face of the record or judgment, such a judgment would be merely voidable, rather than void, and appropriatelychallenged through a petition for

4

post-conviction relief. Indeed, several panels of this court have concluded that a petitioner is entitled to post-conviction relief when a guilty plea is induced by a promise of concurrent state and federal sentences that goes unfulfilled. *See Bernard Frazier v. State*, No. W2013-00187-CCA-R3-PC, 2014 WL 1410285, at *7 (Tenn. Crim. App. Apr. 10, 2014) (concluding that guilty plea was not knowing and voluntary when the intent of the plea agreement was to permit concurrent service of state and federal sentences, but there was no guarantee that federal authorities would give the petitioner credit for time served in a state prison); *Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC, 2000 WL 1671470, at *3 (Tenn. Crim. App. Oct. 17, 2000) (concluding that guilty plea to serve state and federal sentences concurrently in a federal institution were not knowing and voluntary when the federal prison refused to take custody of the petitioner, leaving the trial court without the authority to enforce the plea agreement); *Derrick E. Means v. State*, 1998 WL 470447, at *3 (concluding that the petitioner's guilty pleas were not knowing and voluntary when the trial court ordered a state sentence to be served concurrently with a federal sentence in federal prison but federal authorities refused to accept custody of the petitioner, effectively turning his concurrent sentences into consecutive sentences).

Here, we conclude that the petitioner has not met his burden of establishing that the trial court was without jurisdiction or authority to accept the petitioner's guilty plea. Because the trial court has the authority to impose concurrent state and federal sentences, and did so in this case, the petitioner's judgment is facially valid. The ability of federal authorities later to refuse to honor the plea agreement renders the petitioner's judgment merely voidable, and habeas corpus relief is available only when a judgment is void on its face. Similarly, his claims that the State breached the terms of the plea agreement and that he received ineffective assistance of counsel that prevented him from entering a knowing and voluntary guilty plea must also fail. His claim that the State breached the terms of the plea agreement, if taken as true, would render the judgment voidable rather than void. *See Terrance Lowdermilk v. State*, No. E2007-00872-CCA-R3-HC, 2008 WL 104156, at *3 (Tenn. Crim. App. Jan. 10, 2008) (stating that a claim of a breached plea agreement would cause the judgment to be "at most voidable, not void."). Additionally, when a petitioner "contends that he was denied the constitutional right to effective assistance of counsel, the judgment is voidable, not void, unless the face of the record establishes that the trial court did not have . . . the authority to make the judgment attacked." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because the trial court did have the authority to sentence the petitioner to concurrent state and federal sentences, the judgment is, again, at most voidable.

The proper avenue to challenge a voidable judgment is to petition for post-conviction relief, a remedy which the petitioner has already exhausted. Accordingly, we conclude that the petitioner is not entitled to habeas corpus relief.

**CONCLUSION**

Based upon the foregoing reasons, we affirm the judgment of the habeas corpus court.

5

_____

JOHN EVERETT WILLIAMS, JUDGE