IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 29, 2019, at Knoxville

**STATE OF TENNESSEE v. JAMAL BOWENS**

**Appeal from the Criminal Court for Shelby County**
**No. 17-01869      John Wheeler Campbell, Judge**

_____

**No. W2019-00253-CCA-R3-CD**

_____

The defendant, Jamal Bowens, appeals from the entry of an order denying his motion to suspend the remainder of his sentence pursuant to Tennessee Code Annotated § 40-35-306(c). The defendant pleaded guilty to robbery and aggravated assault, both Class C felonies, for which he received a total effective sentence of six years in the Tennessee Department of Correction. In denying the defendant's motion, the trial court found the defendant was not a suitable candidate for probation. Following our review of the record, we conclude the trial court did not abuse its discretion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS, J., joined.

Robert Golder, Memphis, Tennessee, for the appellant, Jamal Bowens.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy. P. Weirich, District Attorney General; and Melanie Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*PROCEDURAL BACKGROUND*

On April 18, 2017, the defendant was charged in Shelby County Criminal Court for three counts of aggravated robbery. In March 2018, the defendant was charged with an additional count of aggravated assault resulting in death.[1]

On September 4, 2018, the defendant pleaded guilty to one count of robbery and one count of aggravated assault for which he received consecutive three-year terms. Per the plea agreement, the defendant's state sentence was to be served consecutively to a forty-one-month federal sentence.[2] At the plea submission hearing, the State informed the trial court that "there is an agreement that [the defendant] can petition to suspend the remainder [of his state sentence] after he finishes serving his forty-one months in federal custody," and that "the State would not be opposed so far as he has a good report from serving his federal time." Upon being questioned by the trial court, the defendant stated he understood the terms of his plea agreement.

On October 30, 2018, the defendant filed a motion pursuant to Tennessee Code Annotated § 40-35-306(c) to suspend the remainder of his sentence. At the time of the filing, he was still in state custody, having never been taken into federal custody. In his petition, the defendant argued suspension of the remainder of his sentence was appropriate because "all parties intended for [the defendant] . . . to serve his federal sentence prior to serving his state sentence on probation." He further argued "it is likely that the [Federal] Bureau of Prisons will not take custody of [the defendant] until he is released on parole or upon the completion of his [state] sentence."

On January 10, 2019, the trial court held a hearing on the defendant's petition. At the hearing, the defendant's counsel argued that "the understanding was that subject to [the defendant] completing his [f]ederal time, successfully, which obviously he has not done because he is incapable of doing that, because [the federal government] ha[sn't] taken him, that the State would agree to suspend the entirety of the sentence."

The defendant testified that if released from custody he would be able to work a full-time construction job with his stepfather. At the time of the hearing, the defendant was studying to take the G.E.D. and taking anger management classes. He also noted he had received no disciplinary sanctions while incarcerated. The defendant requested a suspension of the remainder of his state sentence so the Federal Bureau of Prisons would take him into custody.

---

[1] It appears from the record the defendant was on bond when he committed aggravated assault.

[2] The defendant's federal conviction was based upon an incident for which the defendant was also separately charged in Shelby County Criminal Court. As a result of the federal conviction, the charge in state court was dismissed *nolle prosequi*.

In denying the defendant's request, the trial court explained its reasoning as follows:

So the situation I am faced with is, you know, clearly it wasn't the intention of the State to run [the sentences] concurrently, but you are basically telling me to do that, because if I put him on probation he's not going to be supervised, he is just going to go into [f]ederal custody and get credit for both cases.

His problem is this, and I'll be real honest with you, he's picked up cases while on bond and they are serious cases. This is not like he picked up a shoplifting, or he picked up a theft, he picked up shooting cases. One of which is severe enough that the [federal government] took and prosecuted him and gave him forty-[one] months.

. . .

And quite frankly, [the defendant] has issues, I am worried about him. I am worried about the fact that he's got this streak of violence. For a man so young he sure has had some pretty severe -- and he doesn't want to accept responsibility.

. . .

I think he needs to experience a little more out there. I mean, hopefully -- he's telling me the right things, but I am really concerned about him, he is falling off the deep end and it doesn't end well.

In considering the pre-sentence report, the trial court concluded, "I have a problem with him being successful on probation at this point in time, especially with a strong - R, where he shows to be high risk, because of violence." After the trial court denied his petition, this appeal followed.

### ANALYSIS

The defendant argues the trial court abused its discretion by denying his petition to suspend the remainder of his sentence. The State contends the defendant failed to show any post-sentencing information or new developments that warrant modification of the defendant's plea agreement. The State further contends the trial court "properly

- 3 -

considered the defendant's situation and reserved the matter for reconsideration at a later date." We agree with the State.

Generally, a trial court's decision on a motion filed pursuant to either Tennessee Code Annotated section 40-35-306(c) or Tennessee Rule of Criminal Procedure 35 is reviewed "under an abuse of discretion standard, whether or not the trial court holds a hearing." *State v. Ruiz*, 204 S.W.3d 772, 777-78 (Tenn. 2006), *overruled on other grounds by State v. Patterson*, 564 S.W.3d 423 (Tenn. 2018).

The defendant argues that "[i]f the parties had assumed that the federal government would fail to take custody of [the defendant] until after he completed his state sentences, the [S]tate's offer to agree to suspension would have been illusory and meaningless." He further contends he "will never have the benefit of the [S]tate's recommendation of probation" because the Federal Bureau of Prisons has not taken him into custody. While we are sympathetic to the defendant's frustration, we find that he has failed to provide a basis for relief on the current appeal.

The defendant's plea agreement with the State did not guarantee the defendant a suspended sentence. Rather, the State merely agreed it would not oppose a petition to suspend the remainder "so far as" the defendant served his forty-one month federal sentence with a "good report."[3] Even if the defendant served his federal sentence prior to going into state custody, any petition to suspend the remainder of his sentence would still be subject to State challenge, if the defendant received a poor report from federal prison authorities, and approval of the trial court. The trial court properly recognized this, stating, "I think that what the State was saying is that if he did 'X' number, this amount of time, then [the State] would consider [suspending the remainder]." The defendant was never guaranteed a suspended sentence as part of his plea. Therefore, the fact that the defendant has not served time in federal custody is not relevant to the trial court's denial of the defendant's motion to suspend the remainder and the resolution of the current appeal. The only question properly before this Court is whether the trial court abused its

---

[3] While it is unfortunate the defendant has thus far been denied an opportunity to serve his federal sentence with a good report, a state has no authority to order a defendant into federal custody. *See generally Derrick E. Means v. State*, No. 02C01–9707–CR–00248, 1998 WL 470447, at *5-6 (Tenn. Crim. App. Aug. 13, 1998) (explaining that the federal government may refuse to take a defendant into custody when a state court orders the defendant to serve a state sentence concurrently to a prior federal sentence), *no perm. app. filed; See also Del Guzzie v. United States*, 980 F.2d 1269, 1272-73 (9th Cir. 1992) (Noriss, J., concurring) ("Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility.")

discretion in denying the defendant's petition. Upon our review, we affirm the decision of the trial court.

Upon considering the defendant's petition, the trial court concluded the defendant failed to show he was a suitable candidate for probation. The court considered the defendant's violent history, the assessment in the defendant's presentence report that he is of a high risk, and the fact that the defendant has previously committed crimes while on bond. The defendant failed to show, in accordance with *Ruiz*, that unforeseen, post-sentencing developments had arisen to warrant the suspension of his sentence in the interest of justice. *Ruiz*, 204 S.W.3d at 778. "A finding that a trial court has abused its discretion may only be reached when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the defendant." *State v. Herman Sowell*, No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *4 (Tenn. Crim. App. March 17, 2010), *no perm. app. filed* (citing *Ruiz*, 204 S.W.3d at 773).

Based on our review, we conclude the trial court did not abuse its discretion in denying the defendant's petition to suspend the remainder of his sentence. Accordingly, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE