IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2022

FILED

MAY 3 1 2022

Clerk of the Appellate Courts
Rec'd By

**STATE OF TENNESSEE v. MIKE SETTLE**

**Appeal from the Circuit Court for Madison County**
**No. 99-906   Kyle C. Atkins, Judge**

_____

**No. W2021-00328-CCA-R3-CD**

_____

The pro se Petitioner, Mike Settle, appeals the dismissal of his Tennessee Rule of Criminal Procedure 36.1 claim. Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Mike Settle, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner became ill and was transferred to a Jackson hospital while serving a sentence in Shelby County for multiple convictions. Mike Settle v. David Osborne, Warden, No. E2011-00766-CCA-R3-HC, 2012 WL 344937, at *1 (Tenn. Crim. App. Feb. 3, 2012), perm. app. denied (Tenn. Apr. 11, 2012). Two days later, the Petitioner "overpowered a guard, took the officer's weapon, and pointed it at the guard's head." Id. The Petitioner escaped from the hospital in a stolen car after taking a hostage. Id. He was recaptured, sent back to prison, and pleaded guilty to one count of felony escape, one count of especially aggravated kidnapping, one count of aggravated robbery, and two counts of aggravated assault in Madison County. Id. Pursuant to the plea agreement, the Petitioner received concurrent sentences of six years for the felony escape conviction, twenty-five years for the especially aggravated kidnapping conviction, twenty-five years for the aggravated robbery conviction, and fifteen years each for the aggravated assault

convictions. Id. Those sentences were also to run concurrently to a sentence the Petitioner received from a federal firearms charge stemming from the same incident. Id. The sentences were also to run consecutively to the Shelby County sentence he was serving at the time of his escape. Id.

The Petitioner filed various unsuccessful challenges to his convictions. See Mike Settle v. State, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481, at *1 (Tenn. Crim. App. July 23, 2004) (affirming denial of post-conviction petition for failure to state a colorable claim for relief via memorandum opinion); Michael Settle v. State, No. M2004-00411-CCA-R3-HC, 2005 WL 2978974, at *1 (Tenn. Crim. App. Nov. 7, 2005), perm. app. denied (Tenn. Mar. 27, 2006) (affirming summary dismissal of habeas corpus petition for failure to pay court costs); Mike Settle v. David Mills, Warden, No. E2010-00945-CCA-R3-HC, 2010 WL 5276980, at *1 (Tenn. Crim. App. Dec. 17, 2010), perm. app. denied (Tenn. Mar. 9, 2011) (affirming summary dismissal of habeas corpus petition); Mike Settle, 2012 WL 344937, at *1 (affirming dismissal of habeas corpus petition for failing to comply with procedural requirements); Mike Settle aka Michael Dewayne Settle v. Jerry Lester, Warden, State of Tennessee, No. W2013-02609-CCA-R3-HC, 2014 WL 3824004, at *1 (Tenn. Crim. App. Aug. 4, 2014), perm. app. denied (Tenn. Nov. 19, 2014) (affirming dismissal of habeas corpus petition); Mike Settle v. Brenda Jones, Warden, No. W2014-01362-CCA-R3-HC, 2014 WL 7433010, at *1 (Tenn. Crim. App. Dec. 30, 2014) (affirming denial of sixth habeas corpus petition). The Petitioner also filed at least two habeas corpus petitions in federal court, which were dismissed as untimely. See Mike Settle v. Ricky Bell, Warden, No. 3:09-0560 (M.D. Tenn. Nov. 10, 2009); Mike Settle v. Ricky J. Bell, No. 06-1092 (W.D. Tenn. Sept. 4, 2009). The Petitioner also filed two writs of error coram nobis, which were dismissed due to the unavailability of coram nobis relief in challenging guilty pleas. See Mike Settle v. State, No. W2018-01527-CCA-R3-ECN, 2019 WL 1594930, at *1 (Tenn. Crim. App. Apr. 15, 2019); Mike Settle v. State, No. W2015-01629-CCA-R3-ECN, 2016 WL 7687210, at *1 (Tenn. Crim. App. Feb. 5, 2016).

The Petitioner filed a Rule 36.1 motion on July 26, 2018, which was denied by the Madison County Circuit Court on August 3, 2018. The Petitioner subsequently filed a second Rule 36.1 motion on August 9, 2018, and another motion restating the same issues on May 15, 2019. The circuit court dismissed the August 9, 2018 motion on July 23, 2019, and a third motion restating the same issues was dismissed on October 1, 2019. On June 3, 2020, the Petitioner filed another Rule 36.1 motion, asserting that he was entitled to withdraw his guilty plea because of the "illegal provision" of his plea bargain that stated his sentence would run concurrently to his federal sentence. On August 13, 2020, the Petitioner filed a "Declaration" that stated his pleas were not knowingly and voluntarily entered and that he was entitled to withdraw his guilty plea and proceed to trial pursuant to Rule 36.1. He again asserted that his guilty plea was not knowingly and voluntarily entered because of the "promise" that his sentence would run concurrently to his federal sentence.

The circuit court treated the "Declaration" as another Rule 36.1 motion and dismissed it by written order on March 11, 2021. In the order, the circuit court noted that he was incarcerated for his Shelby County convictions, not federally incarcerated, when he escaped from the hospital, and his Madison County sentences were correctly run consecutively to his Shelby County sentences and were legal. The Petitioner filed a timely notice of appeal on March 25, 2021, and this case is now properly before this court.

## ANALYSIS

The Petitioner contends on appeal that the circuit court erred in summarily dismissing his petition and in finding that his sentences were legal.[1] The State responds that the sentences are legal, and even if they were not, they were to the Petitioner's benefit. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Our supreme court has concluded that there are three types of sentencing errors: clerical errors, appealable errors, and fatal errors. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Clerical errors arise from a simple mistake in filling out information in the judgment document. Id. Appealable errors arise where the sentencing statutes provide for a right to a direct appeal of the sentencing decision and "generally involve attacks on the correctness of the methodology by which a trial court imposed [the] sentence." Id. (internal citation omitted). For a sentence to be deemed an "illegal sentence," it must be the result

---

[1] In his reply brief, the Petitioner references his 36.1 motion from August 9, 2018, and states that he never received the "July 23, 2019 order dismissing his motion[,]" and the "interests of justice" therefore entitle him to "tolling the timely filing requirement" for that motion. To the extent that he intends to appeal the dismissal of the August 9, 2018 motion, any such issue is waived. See Tenn. R. App. P. 4(a) (stating that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . .").

- 3 -

of a fatal error, which renders a sentence illegal and void. Id. "This category consists of any sentence 'that is not authorized by the applicable statutes or that directly contravenes an applicable statute.'" Id.

As relevant to the instant case, Tennessee Code Annotated section 39-16-605(d) mandates that "[a]ny sentence received for [escape] shall be ordered to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of escape." Further, Tennessee Rule of Criminal Procedure 32(c)(3)(B) states that consecutive sentencing is mandated for "a sentence for escape or for a felony committed while on escape[.]" Tennessee Rule of Criminal Procedure 32(c)(2)(B) relevantly states that if "as the result of conviction in another state or federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to such unserved sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders." This court has explained that the "'Tennessee Rules of Criminal Procedure do provide for concurrent service of state and federal sentences if explicitly ordered by the trial court.'" Bernard Frazier v. State, No. W2013-00187-CCA-R3-PC, 2017 WL 1410285, at *7-8 (Tenn. Crim. App. Apr. 10, 2014) (quoting Derrick E. Means v. State, No. 02C01-9707-CR-0048, 1998 WL 470447, at *5 (Tenn. Crim. App. Aug. 13, 1998)). However, federal officials "'remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence[.]'" Id. at *8 (quoting Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992)).

At the time of the Petitioner's escape from the Jackson hospital, he was serving his sentence for his Shelby County convictions. As such, the circuit court was correct in its conclusion that his Madison County convictions were required to run consecutively to his Shelby County convictions. Further, as noted above, the Petitioner's Madison County convictions were not required to run consecutively to his federal sentence because he was not in federal custody when he escaped, despite his contentions to the contrary. Our review of the record indicates that the Madison County judgments explicitly state that those sentences are to run concurrently to the Petitioner's federal sentence, and in the absence of the sentencing transcript from the Madison County convictions to demonstrate otherwise, we presume the court exercised its discretion "that good cause exists to run the sentences concurrently[.]" See Tenn. R. Crim. P. 32(c)(2)(B); see also State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). As noted by the State, because the Madison County sentence running concurrently with the federal sentence does not "directly contravene[] an applicable statute" and is otherwise authorized by applicable statutes, see Wooden, 478 S.W.3d at 595, we cannot conclude that the Petitioner's sentence is illegal. Finally, even if mandatory consecutive sentencing with respect to the Madison County sentence and the federal sentence existed and the sentence was illegal, the Petitioner would not be entitled

- 4 -

to relief because the agreed-upon sentence was to his benefit. Tenn. R. Crim. P. 36.1(c)(3)(B) ("If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion."). The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

CAMILLE R. MCMULLEN, JUDGE